Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al*.<br><br>Defendants. | Case No. 2:20-cv-06298-RGK (Ex)<br><br>**PLAINTIFF ENTTECH MEDIA GROUP LLC'S OBJECTION AND REQUEST TO STRIKE MOTION TO DISMISS [26] AND JOINDER IN MOTION TO DISMISS [28]; AND**<br><br>**DECLARATION OF ROBERT TAULER**<br><br>[Civ. L. R. 7-3] |

**OBJECTION AND REQUEST TO STRIKE MOTION TO DISMISS**

Plaintiff ENTTech Media Group LLC ("ENTTech") respectfully objects to the improper filing of the Motion to Dismiss (Dkt. 26) by Defendants Okularity, Inc. and Jon Nicolini on August 24, 2020 and the Joinder in Motion to Dismiss (Dkt. 28) by Defendants Backgrid USA, Inc., Splash News and Picture Agency, LLC and Xposure Photo Agency, Inc.  The Motion and the accompanying Joinder should be stricken, because counsel for the moving parties did not timely confer with ENTTech's counsel concerning their proposed motion(s), as required by Civ. L.R. 7-3.

The Joinder filing contains no certification that any conference occurred.  The Motion filing asserts that "[i]n accordance with L.R. 7-3, this motion is made following conferences of counsel that took place telephonically on August 6, 2020, and again on August 18, 2020."  But the telephone conference of August 18, 2020 was untimely, and therefore deficient, because it occurred less than seven days before the Motion filing on August 24, 2020 – and because Rule 7-3 specifies that "[t]he conference shall take place at least seven (7) days prior to the filing of the motion."  The earlier telephone call of August 6, 2020 also does not excuse the untimeliness of the later one, because the first conference concerned a different potential motion – namely, a potential motion to dismiss the original Complaint of July 15, 2020 (*see* Dkt. 1).  Necessarily, counsel could not have discussed (and, they did not discuss) any potential motion to dismiss the First Amended Complaint of August 10, 2020 during the first phone call back on August 6, 2020 – four days before the amended pleading was even filed.  *See* Declaration of Robert Tauler, *infra* ¶ 2.

Moreover, the Motion and the Joinder now raise an entirely new ground for moving to dismiss the First Amended Complaint of August 10, 2020 (Dkt. 23) – namely, its asserted lack of "particularity," under Rule 9(b) of the Fed. R. Civ. P. – that was never discussed on August 6, 2020 in connection with the original Complaint.  Asserting a lack of particularity is the Defendants' primary argument now, in attacking the First Amended

Complaint.  *See* Defendants' Joint Memorandum (Dkt. 27) at 6-10.  But Rule 9(b) was never mentioned in defense counsel's earlier correspondence of August 5, 2020 (*see* Dkt. 26-2) nor during the first call on August 6, 2020 (*see* Tauler Decl., *infra* ¶ 2) concerning a potential motion to dismiss the original Complaint.

In a "summary email" from defense counsel Joanna Ardalan, she attempted to create an inaccurate record of the second call, by asserting on August 18, 2020 that "[y]ou said that the meet and confer efforts were futile."  *See* Ardalan Decl. (Dkt. 26-5), ¶ 4 & Exhibit 4 thereto (Dkt. 26-6)).  ENTTech's counsel never said that any discussion was futile.  *See* Tauler Decl., *infra* ¶ 3.  And counsel for ENTTech made this clear, in a reply email just one hour later (which the moving parties misleadingly omit from their filings).  *See* Exhibit A, *infra* (at 2:07 p.m. on August 18, 2020).  Yet, no defense counsel have made any further attempt to confer – such as any attempt to confer over the possibility that ENTTech could allege more particulars, to satisfy their new Rule 9(b) concerns.  *See* Tauler Decl., *infra* ¶ 3.

Therefore, the Motion to Dismiss and the accompanying Joinder (Dkts. 26 and 28) of August 24, 2020 should be stricken for failure to confer over the motion at least seven days before filing it, as required by Rule 7-3.  A [Proposed] Order is attached, *infra*.

DATED: August 25, 2020                                          TAULER SMITH LLP

By: _____
Robert Tauler
Attorneys for Plaintiff
ENTTech Media Group LLC

## DECLARATION OF ROBERT TAULER

I, Robert Tauler, declare:

1. I am counsel of record for Plaintiff ENTTech Media Group LLC ("ENTTech") in this action. The facts set forth in this Declaration are true of my own knowledge, and if called upon to testify, I could and would testify as thereto.

2. I participated in a call on August 6, 2020 with counsel for the Defendants in this action. During this call, we discussed several potential grounds for seeking dismissal of the original Complaint in this action (Dkt. 1), but there was no discussion of any purported deficiency in pleading fraud with particularity under Rule 9(b) of the Fed. R. Civ. P. During this call, we also did not discuss any potential motion to dismiss the First Amended Complaint – which was not even filed until August 10, 2020.

3. Defense counsel did not raise any concerns involving Rule 9(b) until a second phone call, on August 18, 2020. During this second call, counsel for the Defendants nevertheless refused to discuss a potential second amendment of the complaint to address the newly-perceived Rule 9(b) deficiencies. Then, after the (untimely) call, attorney Joanna Ardalan emailed to misrepresent that "[y]ou said that the meet and confer efforts were futile." Within an hour later, I wrote back to correct this misrepresentation. A true and correct copy of our complete email exchange is attached as Exhibit A, *infra*.

4. Defense counsel have made no further attempt to confer with me since August 18, 2020 – such as any attempt to confer over the possibility that ENTTech could allege further particulars, to satisfy their new Rule 9(b) concerns.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed on this 25th day of August, 2020, at Los Angeles, California.

3
ENTTECH'S OBJECTION AND REQUEST TO STRIKE MOTION TO DISMISS

                                        /s/ *Robert Tauler*
                                        Robert Tauler, Esq.

4

ENTTECH'S OBJECTION AND REQUEST TO STRIKE MOTION TO DISMISS

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2020, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

Dated:  August 25, 2020                **TAULER SMITH, LLP**

                                        By: /s/ Robert Tauler
                                            Robert Tauler

                                        Counsel for Plaintiff
                                        ENTTECH MEDIA GROUP LLC