1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  Matthew P. Kelly (SBN 224297)
   PERKOWSKI LEGAL, PC
3  445 S. Figueroa Street, Suite 3100
   Los Angeles, CA 90071
4  Telephone: (213) 426-2137

5  Attorneys for Defendants OKULARITY, INC. and JON NICOLINI

6  David Quinto (Bar No. 106232)
   Joanna Ardalan (Bar No. 285384)
7  jardalan@onellp.com
   ONE LLP
8  9301 Wilshire Boulevard, Penthouse Suite
   Beverly Hills, CA 90210
9  Telephone: (310) 866-5157

10 Peter R. Afrasiabi (Bar No. 193336)
   pafrasiabi@onellp.com
11 ONE LLP
   4000 MacArthur Boulevard, East Tower Suite 500
12 Newport Beach, CA 92660
   Telephone: (949) 502-2870
13
   Attorneys for Defendants BACKGRID USA, INC., SPLASH
14 NEWS AND PICTURE AGENCY, LLC, and XPOSURE PHOTO
   AGENCY, INC.
15

16            **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18 ENTTECH MEDIA GROUP LLC,              Case No. 2:20-cv-06298 RGK (Ex)

19       *Plaintiff,*                    *Hon. R. Gary Klausner*

20 v.                                    **DEFENDANTS' JOINT RESPONSE
                                         TO PLAINTIFF'S OBJECTION AND
21 OKULARITY, INC. et al.,               MOTION TO STRIKE (ECF 32)**

22       *Defendants.*
                                         Compl. filed:    July 15, 2020
23
                                         *No Trial Date Set*
24

25

26

27

28

────────────────────────────────────────────
              DEFENDANTS' JOINT RESPONSE

# RESPONSE TO OBJECTION AND MOTION TO STRIKE

Perhaps sensing vulnerability on the substance of its claims and the ability of them to survive, and seeking a baseless procedural advantage, plaintiff ENTtech Media Group LLC "objects" and "requests" to strike the Motion to Dismiss (ECF 26) filed by defendants Okularity Inc. and Jon Nicolini (together, "Okularity"), and the Joinder in that Motion (ECF 28) filed by defendants BackGrid USA, Inc., Splash News and Picture Agency, LLC, and Xposure Photo Agency, Inc. (the "Photo Agencies"). ENTtech's "request" should be denied, for two reasons.[1]

First, ENTtech's "request" is itself procedurally defective. Though ENTtech styles it as an "objection" and a "request," the filing is actually a "motion." And because it is a motion, it is subject to this L.R. 7-3, which required ENTtech to confer with the opposing party on its substance. Yet ENTtech made no effort—not even an abbreviated effort—to comply with L.R. 7-3.

Second, ENTtech's motion is substantively deficient as well. A motion to strike a pleading under L.R. 7-3 is subject to the Court's discretion, and numerous decisions of this District, and the Ninth Circuit—including many from this Court— have declared meaningful standards for when they will be granted (or not). ENTtech does not address those standards; in fact, other than the Local Rule ENTtech cites no legal authority at all.[2] Not surprisingly, though, under those applicable standards, ENTtech's motion should be denied.

## A.     ENTtech's motion is procedurally improper.

ENTtech's filing is a motion and therefore subject to L.R. 7-3. Because ENTtech did not comply with L.R. 7-3, the motion should be denied.

---

[1] Though they are separately represented, Okularity and the Photo Agencies once again submit this brief jointly, to avoid burdening the Court with multiple copies of the same document.

[2] ENTtech apparently did no research at all before filing its objection and motion. Had it done so, it no doubt would have concluded that, under the relevant authorities, this motion has no basis.

DEFENDANTS' JOINT RESPONSE

1    Local Rule 7-3 applies to "motions." *See* L.R. 7-3 ("[C]ounsel contemplating

2    the filing of *any motion* shall first contact opposing counsel to discuss thoroughly …

3    the substance of the contemplated motion and any potential resolution.") (emphasis

4    added). Though ENTtech calls it an objection and "request," the paper is still a

5    motion nonetheless: "A 'motion' is defined as, '[a] written or oral application

6    requesting a court to make a specified ruling or order.'" *S.E.C. v. McCarthy*, 322 F.3d

7    650, 657 (9th Cir. 2003) (quoting Black's Law Dictionary 1031 (7th ed. 1999)). As

8    such, ENTtech's request fell within the meaning of L.R. 7-3, and ENTtech was

9    required to comply with the requirements of that rule.

10    But ENTtech did not. ENTtech's "request" does not certify that a meeting of

11    counsel took place under L.R. 7-3, and such a meeting did not take place. In fact,

12    ENTtech did not even make a cursory effort to inform Defendants' counsel of its

13    intention to seek this relief. The "request" was filed at 1:10 p.m. the day after

14    Defendants' filed the challenged motions. Yet ENTtech's counsel didn't make a

15    phone call or send an email—or any effort at all comply. This alone warrants denial

16    of ENTtech's motion. *See Dolores Press, Inc. v. Label Lane Int'l, Inc.*, No. 2:15-cv-

17    2562 R (PLAx) (denying motions when "neither [defendant] made any effort to

18    comply with Local Rule 7-3") (Klausner, J.).

19    **B.    ENTtech's request is substantively deficient.**

20    Even if the Court excuses non-compliance with L.R. 7-3, or that requirement

21    does not apply, ENTtech's request still should be denied because ENTtech has not

22    demonstrated that it is entitled to the relief it seeks.

23    "The Central District of California's local rules do not require dismissal of [a

24    party's] motions for failure to satisfy the meet-and-confer requirements." *ECASH*

25    *Techs., Inc. v. Guagliardo*, 35 Fed. Appx. 498, 500 (9th Cir. May 13, 2002) (unpub.

26    disp.) (citations omitted); *see also CarMax Auto Superstores Cal. LLC v. Hernandez*,

27    94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules

28    does not automatically require the denial of a party's motion … ." (citing cases)).

1    Nevertheless, ENTtech appears to believe that even the most technical failure of

2    L.R. 7-3 warrants a punitive action from the Court. That's not true. The relevant

3    decisions, which ENTtech doesn't bother to cite or discuss, require more than a

4    technical failure. Under these precedents, ENTtech's request should be denied for

5    two substantive reasons: Defendants substantially complied or made a "good faith

6    effort" to comply, and ENTtech has suffered no prejudice.

7          **1.    "Good faith" or substantial compliance is present.**

8          As this Court has recognized, satisfying L.R. 7-3 presents a fairly low bar:

9              The purpose of Local Rule 7-3 is to encourage meaningful
10             dialogue between the parties prior to the filing of a motion, in
               the hope that compromise will be reached and the burden of
11             litigation will be lessened for both the parties and the courts.
               The threshold of engaging in "meaningful dialogue" so as to
12             satisfy the meet-and-confer requirements is not high: most
               courts deem an attempt to engage in discussion that puts [a
13             party] on notice as sufficient to satisfy the requirement.

14   *Volman v. Sony BMG Music Ent'mt*, No. CV 08-2829-RGK (RZx), 2008 WL

15   11338008, at *2 (C.D. Cal. July 17, 2008) (internal quotation marks and citations

16   omitted). Not only did Defendants make an "attempt" to engage in discussions, but

17   their attempts actually put ENTtech on notice of the basis for the motions.

18         First, Defendants attempted to comply with L.R. 7-3 before filing the motions.

19   (Perkowski Decl. [ECF 26-1] ¶ 9 & Ex. 3; Ardalan Decl. [ECF 26-5] ¶ 3.) Exhibit 3

20   to Mr. Perkowski's declaration (ECF 26-4) contains the entire email string of counsel

21   attempting to schedule a conference in compliance with L.R. 7-3. That the conference

22   took place six days before the motion deadline, instead of seven, was entirely due to

23   the unavailability of ENTtech's counsel. (Perkowski Decl. [ECF 26-1], Ex. 3.) And

24   even though ENTtech's counsel's unavailability caused the delay, he refused to

25   waive the technical non-compliance with L.R. 7-3. The Court should not reward

26   ENTtech for causing the delay it now complains of.

27         Moreover, ENTtech's counsel was aware of the bases for Defendants' motions

28   as of August 16, when Defendants' counsel requested a L.R. 7-3 meeting. Exhibit 3

3

1  to Mr. Perkowski's declaration shows that ENTtech's counsel was informed of the

2  following: "Our points [to be made in the motions to dismiss] are *the same as what*

3  *we raised as to the Complaint, except that we are adding an argument that neither*

4  *claim is pled with the required specificity under Rule 9.*" (ECF 26-5, at 3 (emphasis

5  added).) This Court has previous ruled that the attempt to schedule a timely L.R. 7-3

6  meeting, along with providing information about the issues to be addressed, was

7  sufficient to satisfy the rule. *See Volman*, 2008 WL 11338008, at *2 (L.R. 7-3

8  satisfied because "Defendant was made aware of the issue at hand and the substance

9  of Plaintiffs' potential motion" as a result of plaintiff's two attempts to initiate

10  L.R. 7-3 meeting).

11       Second, ENTtech was in fact put on notice of the bases of Defendants'

12  motions. The two challenged causes of action—DMCA and RICO—were virtually

13  unchanged from the initial Complaint to the First Amended Complaint. (*See*

14  Memorandum [ECF 27], at 5:1-13 (describing differences between Complaint and

15  First Amended Complaint).) Defendants' detailed letter of August 5 (Perkowski Decl.

16  [ECF 26-1], Ex. 2 (filed at ECF 26-2)), along with the August 6 meeting of counsel,

17  clearly put ENTtech on notice of the deficiencies on those claims. (Perkowski Decl.

18  [ECF 26-1] ¶¶ 5-7.) And again, Defendants' August 16 email to initiate a meeting of

19  counsel (Perkowski Decl. [ECF 26-1], Ex. 3) put ENTtech on notice that a Rule 9(b)

20  argument would be added to the grounds for dismissal. (ECF 26-4.) Further, the

21  parties discussed Rule 9(b) on their August 18 conference. (*See* Ardalan Decl.

22  [ECF 26-5], Ex. 4 [ECF 26-6]). Notably, ENTtech does not claim otherwise in its

23  objection, arguing only that the *earlier* discussions did not include that issue.[3]

24

25

26  [3] ENTtech takes issue with a lack of Rule 7-3 certification in the Photo Agencies'
    Joinder in the Motion to Dismiss (ECF 28). Yet the Notice of Motion and Motion—
27  the very pleading that the Photo Agencies were joining—contains the certification
    *along with* a declaration and exhibits from counsel for the Photo Agencies. (ECF 26.)
28  ENTtech truly is elevating form over function.

1   Whether it be considered a "good faith" attempt at compliance, or substantial

2   compliance, under prior decisions of this Court and District, Defendants have

3   satisfied L.R. 7-3.

4   **2.      There is no prejudice.**

5   Prejudice is the touchstone of imposing penalties under L.R. 7-3. It has been

6   oft recognized, by this Court, courts in this district, and the Ninth Circuit, that

7   "striking an untimely motion filed in violation of Local Rule 7-3 is inappropriate

8   where the non-movant suffered no prejudice." *Santos v. TWC Admin. LLC*, No.

9   CV 13-04799 MMM (CWx), 2014 WL 12703021, at *5–6 (C.D. Cal. Sept. 15, 2014)

10  (citing numerous cases). Yet ENTtech makes no effort to demonstrate prejudice here.

11  The word "prejudice" does not even appear in ENTtech's objection and motion, so

12  the request should be denied.

13  This Court itself has refused to deny or strike a motion for failure to strictly

14  satisfy L.R. 7-3 when there is no showing of prejudice. *See City of Hope v. Juno*

15  *Therapeutics, Inc.*, No. 2:17-cv-06201 RGK (JPRx), 2018 WL 4846794, at *3 (C.D.

16  Cal. Feb. 13, 2018) ("[T]he Court in its discretion will consider the Motion on the

17  merits, as it appears COH suffered minimal prejudice from Juno's noncompliance.")

18  (citing *North Face Apparel Corp. v. Dahan*. No. CV 13-04821 MMM, 2014 WL

19  12558010 (C.D. Cal. Oct. 6, 2014)). Similarly here: It is clear that ENTtech can make

20  no such showing of prejudice because (1) ENTtech was informed of most of the

21  bases for Defendants' motions to dismiss on August 5 and 6 (Perkowski Decl. [ECF

22  26-1] ¶¶ 5-7, Ex. 1 [ECF 26-2]); (2) ENTtech was aware no later than August 16 that

23  Defendants intended to move under Rule 9(b) (Perkowski Decl. [ECF 26-1], Ex. 3

24  [ECF 26-4]), and (3) ENTtech actually discussed the Rule 9(b) grounds with

25  Defendants' counsel on August 18 (Ardalan Decl. [ECF 26-5], Ex. 4 [ECF 26-6]), six

26  days before the Motion to Dismiss was filed. To Defendants' memory, ENTtech's

27  counsel ended discussion on the substance by stating that it was "futile" because the

28  parties would not reach agreement on the validity of ENTtech's claims. (*Id.*)

5

1  Without a showing of prejudice from ENTtech, the Court should deny this

2  motion. *See Officia Imaging, Inc. v. Landridge*, No. SACV 17-2228-DOC (DFMx),

3  2018 WL 6137183, at *5 (C.D. Cal. Aug. 7, 2018) (electing to consider the merits of

4  defendants' motion to dismiss when "Plaintiff has suffered no apparent prejudice").

5  **V.     CONCLUSION**

6  If there is any non-compliance with L.R. 7-3 here, ENTtech's counsel is

7  responsible for it. Nevertheless, with this objection and motion, ENTtech attempts to

8  turn the problem it created into a hyper-technical procedural reason to take away

9  from the Court the consideration of whether the claims of the First Amended

10  Complaint are well-pleaded. The Court should decline ENTtech's invitation to make

11  such mischief.

12

13  Dated: August 26, 2020          Respectfully submitted,

14                                  **PERKOWSKI LEGAL, PC**

15                                  By:    /s/ Peter Perkowski

16                                         Peter E. Perkowski

17                                         Attorneys for Defendants
                                           Okularity, Inc. and Jon Nicolini

18

19  Dated: August 26, 2020          **ONE LLP**

20                                  By:    /s/ Joanna Ardalan

21                                         David Quinto
                                           Peter Afrasiabi
22                                         Joanna Ardalan

23                                         Attorneys for Defendants BackGrid USA, Inc.,
                                           Splash News and Picture Agency, LLC, and
24                                         Xposure Photo Agency, Inc.

25

26

27

28

6