Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Telephone: (213) 426-2137
Attorneys for Defendants Okularity, Inc. and Jon Nicolini

Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

David Quinto (Bar No. 106232)
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Attorneys for Plaintiffs
Backgrid USA, Inc., Splash News and Picture Agency, LLC, and Xposure Photo Agency, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ENTTECH MEDIA GROUP LLC,

Plaintiffs,

v.

OKULARITY, INC.; JON NICOLINI; BACKGRID USA, INC.; SPLASH NEWS AND PICTURE AGENCY, LLC; AND XPOSURE PHOTO AGENCY, INC.

Defendants.

Case No.: 2:20-cv-06298 RGK (Ex)
Hon. R. Gary Klausner

**JOINT NOTICE OF MOTION AND MOTION FOR SANCTIONS**

**[MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JON NICOLINI; DECLARATION OF PETER PERKOWSKI, DECLARATION OF JOANNA ARDALAN AND PROPOSED ORDER FILED CONCURRENTLY HEREWITH]**

Date: October 26, 2020
Time: 9;00 a.m.
Place: TBD

Compl. filed: July 15, 2020
*No Trial Date Set*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on October 26, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable R. Gary Klausner, at a place to be determined by the Court, Defendants Okularity, Inc.; Jon Nicolini; Backgrid USA, Inc.; Splash News and Picture Agency, LLC; and Xposure Photo Agency, Inc. ("Defendants") will, and hereby do, move the Court for an order of sanctions against Robert Tauler and Tauler Smith LLP in the form of attorneys' fees and striking ENTtech's First Amended Complaint and/or the allegations listed below.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Jon Nicolini, Declaration of Joanna Ardalan, Declaration of Peter Perkowski filed concurrently herewith, the files, records, and pleadings in this action, and any other additional argument or evidence that may be presented at or before the hearing of this Motion.

Specifically, Defendants contend that Tauler and Tauler Smith LLP failed to make a reasonable inquiry and ignored evidence and information provided to them about key factual allegations that they alleged in support of ENTtech's DMCA and RICO claims as alleged in the First Amended Complaint. The allegations and the claims are frivolous in violation of FRCP 11 and sanctionable under the Court's Inherent Power and under the Local Rules of the Central District of California. The following allegations are sanctionable and frivolous and should be stricken:

- "Okularity does this [sends DMCA takedown notices] without any of the investigation, warning, or legal analysis required by the DMCA … " (FAC ¶ 15.)
- "Through its proprietary software, Okularity automatically generates and submits DMCA Notices to any social media platform, including Instagram, containing an Image in Okularity's database." (FAC ¶ 15.)

- "By automatically generating and submitting DMCA Notices, Okularity has failed to follow the terms of the DMCA." (FAC ¶ 17.)
- "Defendants (1) are engaged in a scheme to deprive Plaintiff of its digital assets through a pattern of fraudulent statements made in DMCA Notices …" (FAC ¶ 18.)
- "Plaintiff's CEO immediately contacted Defendants, and was faced with the extortionate demand of $4.6 million dollars …" (FAC ¶ 23.)
- "However, since the DMCA Notices are automatically generated and submitted without any attorney supervision, Okularity does not engage in any analysis prior to generating and filing DMCA takedown notices as it should." (FAC ¶ 27.)
- "It was only after Okularity filed forty-eight (48) DMCA take-down notices against Paper that Instagram disabled Paper's account." (FAC ¶ 29.)
- "On at least 48 instances in 2019 and 2020 Defendants willfully, knowingly and materially made third-party §512(f) misrepresentations to Instagram stating that Plaintiff's images, some over three years old, were infringing intellectual property rights owned by one of the Clearinghouse Defendants." (FAC ¶ 37.)
- "Defendants [sic] misconduct includes its failure to take into consideration 'fair use' as a defense to their alleged claims." (FAC ¶ 40.)
- "Not only did Defendants fail to consider fair use []" (FAC ¶ 41.)
- "Clear that Okularity has any right to send DMCA notices on behalf of Backgrid, Splash or Xposure") (FAC ¶ 41)
- Okularity sent fraudulent notices to Instagram …" (FAC ¶ 50.)

- "Okularity (acting through Nicolini), submitted the DMCA notices to Instagram [] on behalf of their principals [the Photo Agencies]." (FAC ¶ 51)
- "When Okularity … submitted the DMCA notices to Instagram … Nicolini knew (and thus, Okularity and all of its principals also knew) that no 'good faith' basis existed for believing that Plaintiff's uses of the images were unauthorized." (FAC ¶ 51.)
- "Rather, the Defendants all knew that the notices were based solely on the results of a software application created to scan the internet for copies of images in which copyrights had been claimed – without any inquiry (much less, a good faith inquiry) into whether the uses of those images were "authorized by the copyright owner, its agent, or the law." (FAC ¶ 51.)
- "improper DMCA notices" (FAC ¶ 52.)
- "purposely without regard to the truth or falsity of the allegation that any of Plaintiff's uses of the photographs was prohibited by law." (FAC ¶ 53.)

Pursuant to Rule 11, this motion and the supporting papers were served by mail on August 31, 2020 and a courtesy copy was served electronically on September 3, 2020 at Mr. Tauler's request. (Ardalan Decl., ¶ 7.)

/ / /

/ / /

/ / /

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on September 9, 2020.

Dated: September 25, 2020

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi

Attorneys for Plaintiff
Backgrid USA, Inc.; Splash News and Picture Agency, LLC, Xposure Photo Agency, Inc.