Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Telephone: (213) 426-2137

Attorneys for Defendants Okularity, Inc. and Jon Nicolini

Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
ONE LLP
4000 MacArthur Boulevard
Each Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

David Quinto (Bar No. 106232)
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
ONE LLP
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:  (310) 866-5157
Facsimile:   (310) 943-2085

Attorneys for Plaintiffs
Backgrid USA, Inc., Splash News and Picture Agency, LLC, and Xposure Photo Agency, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>OKULARITY, INC.; JON NICOLINI; BACKGRID USA, INC.; SPLASH NEWS AND PICTURE AGENCY, LLC; AND XPOSURE PHOTO AGENCY, INC.<br><br>    Defendants. | Case No.: 2:20-cv-06298 RGK (Ex)<br>Hon. R. Gary Klausner<br><br>**DECLARATION OF JON NICOLINI IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:        October 26, 2020<br>Time:       9:00 a.m.<br>Place:       TBD<br><br>Compl. filed:       July 15, 2020<br>*No Trial Date Set* |

**DECLARATION OF JON NICOLINI**

# DECLARATION OF JON NICOLINI

I, Jon Nicolini, declare as follows:

1. I am over the age of 18 and have personal knowledge of the events and information set forth below.

2. I am the founder and Chief Executive Officer of Okularity, Inc. Okularity is a technology services company.

3. Among Okularity's customers are BackGrid USA, Inc., Splash News and Picture Agency, LLC, and Xposure Photo Agency Inc. (each a "Photo Agency" and collectively the "Photo Agencies"). Because the Photo Agencies rely on licensing fees from customers, having the same content available unlicensed and widely distributed threatens the Photo Agencies' entire business model. To guard against this, the Photo Agencies contract with Okularity to search for unauthorized uses of images from the Photo Agencies' libraries, among other services, including the issuing of Digital Millennium Copyright Act ("DMCA") takedown notices.

4. I personally handle all DMCA takedown notices that Okularity sends on behalf of the Photo Agencies, including those issued to Instagram related to the ENTtech Instagram account.

5. I personally caused the sending of 35 DMCA notices to Instagram relating to ENTtech's unauthorized use of 34 photographs belonging to the Photo Agencies on ENTtech's Instagram account. These DMCA notices were sent over a period of about a month. I personally reviewed each infringement prior to issuing the corresponding DMCA takedown notices to Instagram. (In my declaration previously served on Tauler, I stated that there were 34 DMCA notices, but missed one notice in my count.)

6. In addition, before sending each of the 35 DMCA takedown notices, I considered whether ENTtech's use of the photos may be fair use. In each instance, I concluded that fair use did not apply to any of the infringements by ENTtech for which I sent a notice. None of the 35 DMCA takedown notices at issue here were

sent to Instagram by a fully automated system. The photos that were infringed by ENTtech on its Instagram account are attached as **Exhibit A.** In the instances where the screenshot does not display a post on Instagram, the photograph shown is either an exact replica as it was uploaded by ENTtech and displayed on Instagram, or it was a sequential photograph, that is, a "slide," on a unique Instagram post. Instagram allows up to ten slides per post. Unfortunately, I forgot to screenshot every Instagram post, but I did ensure all of the infringing photographs directly uploaded by ENTtech were saved.

7. I spoke with Robert Tauler before he filed this lawsuit on behalf of ENTtech. During those discussions, I told Mr. Tauler that I personally reviewed each infringement for fair use prior to issuing a DMCA takedown notice and further that the takedown notices were not issued by an automated process.

8. Prior to speaking with Tauler, I communicated with at least two people who I believe are executives from ENTtech. On July 8, I corresponded with ENTtech's CEO Tom Florio and its Executive Vice President of Audience Development Lily Kwong. I provided them with a spreadsheet detailing information about the infringement. A true and correct copy of the spreadsheet is attached as **Exhibit B.** Using WeTransfer, I also sent Florio and Kwong files containing copies or screenshots of the photographs that were used without authorization. In the data transfer, I included 29 screenshots along with a summary PDF containing most of the Instagram usages. Within hours of the transfer, WeTransfer notified me that both Mr. Florio and Ms. Kwong had downloaded all the files. True and correct copies of the WeTransfer notifications and files are attached as **Exhibit C**. I believe that Mr. Tauler had a copy of the spreadsheet and the WeTransfer files because when we spoke, we both referenced the spreadsheet on multiple occasions, and Mr. Tauler even incorporated information from the spreadsheet into the lawsuit.

9. In my experience, Instagram has notified infringers regarding the receipt of a DMCA takedown. Mr. Tauler himself filed counter-notifications that he

3

**DECLARATION OF JON NICOLINI**

personally signed under penalty of perjury, where he contended the DMCA notices issued by Okularity were issued because of a "mistake or misidentification." A true and correct copy of the counter-notifications are attached as **Exhibit D**.

10. Mr. Tauler contends that I made a $4.6 million demand on behalf of the Photo Agencies. That is not true. Due to the high number of infringements, I explained by e-mail that the maximum exposure ENTtech faced was $4.6 million, which is based on the maximum statutory damages for willful copyright infringement.

I swear under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 25 day of September 2020 at Los Angeles, California.

Jon Nicolini