UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | | Date | October 2, 2020 |
|---|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion to Dismiss [DE 26]

## I.  INTRODUCTION

On August 10, 2020, Enttech Media Group LLC ("Enttech" or "Plaintiff") filed First Amended Complaint ("FAC") against Defendants Okularity, Inc. ("Okularity), Jon Nicolini ("Nicolini"), BackGrid USA, Inc. ("BackGrid"), Splash News and Picture Agency, LLC ("Splash"), and Xposure Photo Agency Inc. ("Xposure") (collectively, "Defendants") alleging violations of (1) Digital Millennium Copyright Act, 17 U.S.C. § 512(f) ("DMCA") and (2) Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO").

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim. For the following reasons, the Court **GRANTS** Defendants' Motion **with leave to amend** as to Plaintiff's RICO claim. The Court **DENIES** Defendants' Motion as to Plaintiff's DMCA claim.

## II.  FACTUAL BACKGROUND

Plaintiff alleges as follows:

Plaintiff Enttech Media Group is a New York City-based magazine focused on fashion, popular culture, nightlife, music, art, and film.

Defendants BackGrid, Splash, and Xposure are "clearinghouse websites" for photographs. Defendant Okularity represents BackGrid, Splash, and Xposure, among other clients, with respect to their copyright claims. Specifically, Okularity uses a software that scans the internet for images that infringe on its clients' work, then automatically generates and files DMCA take-down notices against purported infringers. However, Okularity waits until the notices accumulate to the point when a social media platform disables the infringer's account before contacting the purported infringer to initiate settlement negotiations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | |

After Okularity filed 48 DMCA take-down notices against Plaintiff for posting images on its Instagram account that purportedly infringed on BackGrid, Splash, and Xposure's copyrights, Instagram disabled Plaintiff's account on July 8, 2020. Plaintiff's Instagram account was a major source of its revenue, but Instagram will not reinstate Plaintiff's account until the dispute regarding the DMCA notices is resolved.

To resolve the pending DMCA notices, Instagram directed Plaintiff to contact Nicolini. Nicolini attempted to settle the claims on behalf of BackGrid, Splash, and Xposure for $1,010,000. Plaintiff rejected the offer and requested that Nicolini provide the DMCA notices for Plaintiff's assessment. However, Nicolini refused to provide the DMCA notices unless Plaintiff agreed to sign a non-disclosure agreement. This lawsuit followed.

### III.    JUDICIAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must, at the very least, give the defendant a "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, a dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Allegations of fraud, however, must be pled with particularity. Fed. R. Civ. P. 9(b). Additionally, Rule 9(b) requires a party pleading fraud to "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (citing Fed. R. Civ. P. 9(b)).

If the court finds that a dismissal is appropriate, it must decide whether to grant leave to amend. While the courts should freely grant leave to amend under Rule 15, courts have discretion to deny leave for futility. *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | | Date | October 2, 2020 |
|---|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | | |

### IV.    DISCUSSION

As a preliminary matter, Plaintiff requests the Court to strike this Motion because Defendants failed to comply with Local Rule 7-3 by meeting and conferring with Plaintiff six days prior to filing this Motion, instead of required seven days. The Court declines to do so.

The meet and confer requirement is not a high burden—"most courts deem an attempt to engage in discussion that puts Defendant on notice as sufficient to satisfy the requirement." *Volman v. Sony BMG Music Entm't*, No. 08-CV-2829-RGK (RZX), 2008 U.S. Dist. LEXIS 127028, 2008 WL 11338008, at *2 (C.D. Cal. July 17, 2008). Here, Defendants put Plaintiff on notice of Defendants' intent to move for dismissal in their emails of August 16 and 17, 2020. The Court will therefore consider the present Motion on the merits.

The Court first addresses Defendants' arguments for dismissal of Plaintiff's RICO claim, followed by the DMCA claim.

#### A.    RICO

In its First Amended Complaint, Plaintiff alleges that Defendants formed an enterprise that engages in a pattern of racketeering activity to harm Plaintiff in violation of RICO. Defendants, however, argue that the *Noerr-Pennington* doctrine applies and bars Plaintiff's RICO claim. In the alternative, Defendants argue that that Plaintiff fails to adequately plead the RICO claim under Rule 9(b). Because the Court finds that the *Noerr-Pennington* doctrine bars Plaintiff's RICO claim, the Court need not reach Defendants' second argument.

The *Noerr-Pennington* doctrine arises out of the Petition Clause of the First Amendment. *See E.R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1965); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, (1965). The doctrine shields "those who petition any department of the government for redress . . . from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Therefore, the *Noerr-Pennington* doctrine immunizes the defendant from liability if (1) alleged activities constitute petitioning activities and the lawsuit imposes a burden on such petitioning activities, and (2) the statute at issue may be construed to preclude the burden on the protected petitioning activities. *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 644 (9th Cir. 2009) (citing *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 530–33 (2002)). The Ninth Circuit has extended the doctrine to include "not only petitions sent directly to the court in the course of litigation, but also conduct incidental to the prosecution of the suit[,]" including demand letters. *Sosa*, 437 F.3d at 934 (citation omitted). However, the doctrine is not without limits. A party involved in a "sham" petitioning cannot claim protection under the *Noerr-Pennington* doctrine. *BE & K.*, 536 U.S. at 525–26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | |

The Court first analyzes the two steps above, followed by Plaintiff's argument that the sham exception applies.

    1. <u>*The Alleged Activities Are Protected and the RICO Claim Burdens These Activities*</u>

Plaintiff seeks to impose liability on Defendants under RICO for filling a lawsuit against it, filing DMCA take-down notices on its Instagram account, and making pre-litigation settlement demands. Plaintiff argues that these activities are not protected, and, consequently, the RICO claim does not burden them, because the notices were fraudulent, settlement demands were not formal demand letters, and neither notices nor pre-litigation settlement demands were sent by an attorney. The Court disagrees.

Here, all three activities are protected. First, the *Noerr-Pennington* protections apply to petitions to courts, including filing a lawsuit. *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005). Accordingly, BackGrid, Splash, and Xposure's lawsuit against Plaintiff is protected activity.

Further, the Ninth Circuit has found that a defendant's right to use pre-litigation procedures incidental to a lawsuit, including cease-and-desist and demand letters, to resolve purported disputes also constitutes protected activity. *See Sosa*, 437 F.3d at 940; *Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 351 (9th Cir. 2014). The Court finds that DMCA take-down notices and pre-litigation settlement demands constitute protected activities because, like cease-and-desist and demand letters, such activities are also incidental to a lawsuit. The fact that Defendants' settlement offer was in a form of an email instead of a formal demand letter is of no significance.

The Court also rejects Plaintiff's argument that failure to involve an attorney in such pre-litigation activities renders those activities unprotected. According to this logic, a pro se litigant's lawsuit may never constitute a protected activity. Plaintiff cites to no authority for this proposition. Additionally, allegations of fraud are irrelevant with regard to this element, as they are reviewed under the sham exception analysis. *See Kearney*, 590 F.3d at 645 (allegations of fraud are analyzed under the sham exception). Accordingly, all three alleged activities constitute petitioning activities and are, thus, protected.

Finally, a successful RICO claim would burden these petitioning activities because imposing liability on Defendants will deter them from litigating their infringement claims or resolving disputes informally. Therefore, Defendants meet the first element.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | |

    2.    *RICO May Be Construed to Preclude the Burden on the Petitioning Activity*

The Court finds that RICO does not authorize the burden that Plaintiff's lawsuit would place on Defendants' petitioning activities.

The specific inquiry is whether RICO "unavoidably" proscribes filing of a lawsuit, filing of DMCA take-down notices, and making pre-litigation settlement demands. *See Sosa*, 437 F.3d at 939–40. RICO imposes liability for engaging in "racketeering activity." 18 U.S.C. §§ 1962-1964. The relevant racketeering activities here are mail fraud, wire fraud, and extortion. 18 U.S.C §§ 1951, 1341, 1343. Nothing in these statutes unavoidably restricts the petitioning activities here. While fraud and extortion may be based on filing of a lawsuit, filing of DMCA take-down notices, and making pre-litigation settlement demands, the RICO statutes do not explicitly proscribe such activities. *See, e.g., Sosa*, 437 F.3d at 940–41 (Sending of pre-litigation demand letters cannot be construed to be unavoidably proscribed by RICO based on predicated acts of mail fraud, wire fraud, and extortion). Contrary to Plaintiff's argument, RICO does not explicitly proscribe filing of fraudulent DMCA notices because 17 U.S.C. § 512 is not listed as a racketeering activity. *See* 18 U.S.C. § 1961. Accordingly, Defendants meet the second element.

    3.    *Plaintiff Failed to Allege the Sham Exception*

The Court next turns to whether the sham exception to the *Noerr-Pennington* doctrine negates the protection of Defendants' petitioning activities.

A party cannot claim the protections of *Noerr-Pennington* if it engaged in a "sham" litigation. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556 (2014). The party asserting that the sham litigation exception applies must allege that the opposing party's petitioning conduct was (1) objectively baseless and (2) subjectively improper. *Id.*; *Prof'l Real Est. Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 62 (1993). For instance, the Ninth Circuit has held that *Noerr–Pennington* immunity "is not a shield for petitioning conduct that, 'although ostensibly directed toward influencing governmental action, is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'" *Sosa*, 437 F.3d at 934 (citation omitted).

Here, Plaintiff argues that Defendants sent fraudulent DMCA takedown notices in order to shut down Plaintiff's Instagram account, thereby starving it of a major source of revenue in order to force a lucrative settlement.

However, Plaintiff's FAC does not allege facts to support its sham exception argument. Plaintiff argues that *Noerr-Pennington* doctrine does not apply because Defendants' petitioning conduct was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | |

fraudulent. Specifically, Plaintiff argues that Defendants lack exclusive licensing rights to the copyrighted material and they had no right to assert their petitioning activities on behalf of the authors. However, the Court is precluded from considering these allegations because Plaintiff did not mention lack of exclusive licensing rights in its First Amended Complaint. Because the Court may not consider evidence outside of complaint on a motion to dismiss, the Court is precluded from considering Plaintiff's argument. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Accordingly, *Noerr-Pennington* doctrine applies and bars Plaintiff's RICO claim.

In light of the foregoing, the Court finds that Plaintiff's RICO claim is barred as currently pleaded. However, the Court finds that appropriate amendments to the FAC may potentially cure this defect. Accordingly, the Court **GRANTS** Defendants' Motion **with leave to amend** as to Plaintiff's RICO claim.

### B. DMCA

Defendants argue that Plaintiff's DMCA claim sounds in fraud and must be pled with Rule 9(b) specificity. In the alternative, Defendants argue that Plaintiff fails to adequately plead a DMCA claim even under Rule 8. For the following reasons, the Court finds that (1) Rule 8 applies, and (2) that Plaintiff has sufficiently pled its DMCA claim.

#### 1. *Rule 8 Applies to the DMCA Claim*

Rule 9(b) applies to *allegations* of fraud, not merely claims for fraud. *See* Fed. R. Civ. P. 9(b). Here, however, Plaintiff's DMCA claim does not contain allegations of fraud. While Plaintiff alleges that Defendants' DMCA notices were a part of Defendants' fraudulent scheme to deprive Plaintiff of its digital assets, such allegations are only relevant to the RICO claim. (FAC ¶¶ 12–18.) The DMCA claim itself is not based on such allegations. To the contrary, Plaintiff only alleges that Defendants violated 17 U.S.C. § 512(f) because they misrepresented that Plaintiff's images were infringing. (FAC ¶¶ 35–43.) Nothing about this claim turns on allegations of fraud. Therefore, Rule 8 is the proper pleading standard.

#### 2. *Plaintiff Sufficiently Pled the DMCA Claim*

DMCA § 512(f) imposes liability for misrepresenting that copyright infringement occurred. 17 U.S.C. § 512(f). To state a claim for violation of 17 U.S.C. § 512(f), a plaintiff must allege that a defendant (1) knowingly and materially misrepresented that copyright infringement occurred, (2) that a service provider relied on such misrepresentation, and (3) that plaintiff was injured as a result. *See* 17 U.S.C. § 512(f). Defendants first dispute that Plaintiff sufficiently pled the first element. Second, Defendants argue the DMCA claim fails because they do not have sufficient notice of which 48 DMCA take-down notices are at issue in this case. Both arguments fail.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | ***Enttech Media Group LLC v. Okularity, Inc. et al*** | | |

First, Plaintiff adequately alleged that Defendants knowingly and materially misrepresented that copyright infringement occurred. Under 17 U.S.C. § 512(c), when a copyright owner or its agent suspect that the copyright material is being infringed, the copyright owner and its agent must follow a specific procedure when sending a take-down notice. *See* 17 U.S.C. § 512(c). This includes a certification that the party claiming infringement has "a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." *See* 17 U.S.C. § 512(c)(3)(A)(v). The good faith belief requirement is the only procedural requirement at issue here. Specifically, Plaintiff alleges that Defendants did not have a good faith belief that Plaintiff's use of the material was unauthorized when sending their take-down notices.

To allege that Defendants "knowingly" misrepresented that Plaintiff's images were infringing, Plaintiff must state facts establishing Defendants lacked a subjective good faith belief that the images were infringing. *See Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1154 (9th Cir. 2016) (citing *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004)). To allege "material" misrepresentation, Plaintiff must allege that the misrepresentation affected the internet service provider's response to the DMCA notices. *Online Pol'y Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004).

Here, Plaintiff alleges that Defendants knowingly and materially misrepresented that copyright infringement occurred. First, Plaintiff alleges that Okularity automatically generates DMCA notices without considering potential non-infringing use of images, including fair use. (FAC ¶¶ 15, 27, 40, 37.) Read in the light most favorable to Plaintiff, such allegations constitute lack of a subjective good faith belief because if Okularity failed to consider fair use, it could not have formed a good faith belief that the images were infringing. *See Lenz*, 815 F.3d at 1153 (the complainant must consider fair use before sending the DMCA take-down notice). Further, Okularity purported to act on behalf of other Defendants. (*See* FAC ¶ 24.) Therefore, Okularity's bad faith belief is imputed to other Defendants through their agency relationship. Accordingly, Plaintiff pled that Defendants made misrepresentation "knowingly."

Further, Plaintiff sufficiently pled "materiality" because it alleged that Instagram disabled Plaintiff's account following Defendants' DMCA notices. (FAC ¶¶ 19, 29, 38.) Therefore, Defendants' conduct affected Instagram's response. Accordingly, Plaintiff sufficiently pled the first element of the DMCA claim.

Defendants argue that the misrepresentation could not have been material because Plaintiff never alleged that the images were non-infringing. However, this argument is unpersuasive because such allegation is irrelevant under DMCA § 512(f). Section 512(f) imposes liability for lack of a good faith belief that the material was infringing at the time the complainant sent the take-down notice. Therefore, the only relevant inquiry under DMCA § 512(f) is whether Defendants formed a good faith belief that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-06298 RGK (Ex) | Date | October 2, 2020 |
|---|---|---|---|
| Title | *Enttech Media Group LLC v. Okularity, Inc. et al* | | |

the images were infringing at the time they sent the take-down notices. *See, e.g.*, *Rossi*, 391 F.3d at 1005 (section 512(f) does not impose liability if the complainant had a mistaken good faith belief that the material was infringing). Plaintiff alleged that the Defendants lacked good faith belief, and that is sufficient.

In the alternative, Defendants argue that they do not have sufficient notice of which 48 DMCA notices are at issue in this case. This argument is not well-taken. Before this litigation, Defendants attempted to settle the claims based on 48 DMCA notices at issue with Plaintiff. (*See* FAC ¶¶ 29–31.) Therefore, Defendants are precluded from arguing that they cannot discern which notices are at issue in this case. Further, Plaintiff alleges that Nicolini refused to share the DMCA notices at issue with Plaintiff prior to commencement of this litigation, thereby naturally hindering Plaintiff's ability to supply a greater level of detail. (FAC ¶ 33.)

Based on the foregoing, the Court finds that Plaintiff sufficiently pled its DMCA claim. Therefore, the Court **DENIES** Defendants' Motion with respect to this claim.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' Motion **with leave to amend** as to the RICO claim. The Court **DENIES** Defendants' Motion as to the DMCA claim. Any amendment to the Complaint must be filed within **14 days** of this Order's issuance.

**IT IS SO ORDERED.**

:

Initials of Preparer         jre