# EXHIBIT 2

ROBERT TAULER (SBN 241964)
TAULER SMITH LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Telephone: (310) 590-3927
rtauler@taulersmith.com

Attorneys for Plaintiff Certified Nutraceuticals, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AVICENNA NUTRACEUTICAL, LLC, a Georgia Limited Liability Company, and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.: 3:16-cv-02810-BEN-BGS<br><br>**RESPONSE TO ORDER TO SHOW CAUSE WHY RULE 11 SANCTIONS SHOULD NOT BE IMPOSED**<br><br>**Hon. Roger T. Benitez**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7(d)(1)** |

# RESPONSE TO ORDER TO SHOW CAUSE

On July 30, 2018 the Court issued an order to show cause why joint and several monetary sanctions should not be imposed against Plaintiff, Plaintiff's CEO, Ahmad Alkayali, and Plaintiff's counsel, for misrepresenting the status of Plaintiff and/or Ahmad Alkayali as an assignee of U.S. Patent No. 6,323,319 (the "'319 Patent") in numerous filings, including declarations signed under penalty of perjury.

## I. LEGAL STANDARDS

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(b), Fed.R.Civ.P.

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "Our cases have established that sanctions [under Rule 11] must be imposed on the signer of a paper if either a) the paper

is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Grp.*, 929 F. 2d 1358, 1362 (9th Cir. 1990)(en banc). "Either the improper purpose or frivolousness ground is sufficient to sustain a sanction . . . ." *Id.* A "frivolous" filing is one "that is both baseless and made without a reasonable and competent inquiry." *Id.* "The standard governing both inquiries is objective." *Id.* "[T]he subjective intent of the . . . movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court." *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F. 3d 1096, 1109 (9th Cir. 2003). Thus, "[t]he issue in determining whether to impose sanctions under Rule 11 is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002)

## II. ARGUMENT

With respect to the assignment of the '319 Patent, Five Continent Enterprise, Inc. ("FCEI") is listed as the assignee of the '319 Patent according to the USPTO (Alkayali Dec., Ex A). Mr. Alkayali was the sole owner of FCEI at the time the patent was assigned. (Alkayali Dec., ¶ 3). Five Continent Enterprise, Inc. was dissolved in 2003. (Alkayali Dec., Ex. B). The '319 Patent is a "continuation" of U.S. Patent No. 6,025,327 (the '327 Patent") and for this reason, Mr. Alkayali never marketed the '319 Patent, but believed he was still the assignee after the dissolution of FCEI. (Alkayali Dec., ¶ 5). Mr. Alkayali has continued to do business as Five Continent Enterprises until the present day and has maintained a federal tax id for FCEI since its inception. (Alkayali Dec., Ex. C & D).

With respect to counsel's investigation of the status of the '319 Patent, counsel has in its possession privileged documents that demonstrate due diligence before this matter was initiated and continuing throughout the proceedings that the facts provided to

the Court were accurate, specifically as they pertain to the status of the '319 Patent. (Tauler Dec., ¶ 2)  Counsel offers to provide these communications to the Court for *in camera* review, should the Court choose to investigate this matter further.  *Id.*

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court discharge the Order to Show Cause.

DATED: August 10, 2018                    TAULER SMITH LLP

 

By:  */s/ Robert Tauler*
Robert Tauler
Attorneys for the Plaintiff Certified Nutraceuticals, LLC