UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>OKULARITY, INC;<br>JON NICOLINI;<br>BACKGRID USA, INC.;<br>SPLASH NEWS AND PICTURE<br>    AGENCY, LLC; and<br>XPOSURE PHOTO AGENCY, INC.,<br><br>            Defendants. | Case No.: 2:20-cv-06298-JWH-Ex<br><br>**ORDER TO SHOW CAUSE RE SANCTIONS UNDER RULE 11(c)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

## I. BACKGROUND

On August 10, 2020, Plaintiff ENTtech Media Group LLC filed its First Amended Complaint against Defendants Okularity, Inc.; Jon Nicolini; BackGrid USA, Inc.; Splash News and Picture Agency, LLC; and Xposure Photo Agency Inc. In that pleading, ENTtech asserted claims against Defendants for alleged violations of (1) the Digital Millennium Copyright Act, 17 U.S.C. § 512(f) ("DMCA"); and (2) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO").[1]

On August 24, 2020, two Defendants moved to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] On September 25, 2020, Defendants filed a Joint Motion for Rule 11 Sanctions.[3] On October 2, 2020, the Court—the Honorable R. Gary Klausner presiding—entered an Order on the Motion to Dismiss.[4] Specifically, the Court (1) granted the Motion to Dismiss, with leave to amend, with respect to ENTtech's RICO claim; and (2) denied the Motion to Dismiss with respect to ENTtech's DMCA claim.[5] On October 6, 2020, this action was transferred to this Court by order of the Chief Judge.[6] ENTtech filed its Second Amended Complaint on October 16, 2020.[7]

## II. DISCUSSION

In their Motion for Sanctions, Defendants contend that ENTtech and ENTtech's counsel, Robert Tauler of Tauler Smith LLP, failed to make a reasonable inquiry and ignored evidence and information that Defendants

---

[1]   First Am. Compl. [Dkt. No. 23] (the "FAC").
[2]   Defs. Okularity, Inc. and Jon Nicolini's Mot. to Dismiss [Dkt. No. 26] (the "Motion to Dismiss").
[3]   Joint Mot. for Sanctions [Dkt. No. 39] (the "Motion for Sanctions").
[4]   Order Re: Motion to Dismiss [Dkt. No. 40].
[5]   Id.
[6]   Order of the Chief Judge [Dkt. No. 43].
[7]   Second Am. Compl. ("SAC") [Dkt. No. 46].

provided to them regarding some of the factual allegations in ENTtech's FAC. Defendants specifically contend that, before ENTtech filed this action, Defendant Nicolini informed ENTtech that Defendant Okularity had complied with all relevant legal procedures before issuing the DMCA takedown notices at issue in this litigation.

      For example, according to Defendants, Nicolini informed Tauler that Nicolini had personally reviewed each infringement for fair use prior to issuing the DMCA notice. Nicolini also sent a spreadsheet providing details for every alleged infringement, as well as screenshots of the alleged infringing photographs via a data transfer service, to ENTtech's CEO, Tom Florio, and its Vice President of Audience Development, Lily Kwong.[8] Tauler referenced both the spreadsheet and the screenshots during his pre-filing conversations with Nicolini, and, thus, Tauler doubtless had knowledge of this information before he filed the complaint.[9] Nicolini further warned ENTtech that ENTtech had potential exposure to the maximum statutory penalty (up to $150,000 per infringement, for a total of $4.65 million).[10] Nevertheless, ENTtech proceeded to file its complaint, alleging that, *inter alia*, Defendants use an automated system to generate the DMCA takedown notices and that Defendants made an "extortionate demand" of $4.6 million for the alleged infringements.[11] Defendants maintain that ENTtech made those allegations without any investigation, review, or supervision, as part of a fraudulent scheme to deprive ENTtech of its digital assets.[12]

---

[8] Decl. of Jon Nicolini in Supp. of Motion for Sanctions [Dkt. No. 39-7] ¶¶ 6–8.
[9] *Id.* at ¶ 8.
[10] *Id.* at ¶ 10.
[11] FAC ¶¶ 23, 30, & 46.
[12] *Id.* at ¶¶ 15, 17, 18, 27, 37, 40, 41, & 51.

ENTtech opposes the Motion for Sanctions, arguing that the challenged allegations are based upon reasonable inquiry by ENTtech's counsel. Moreover, ENTtech argues, Defendants' Motion for Sanctions improperly seeks resolution of disputed factual issues. ENTtech further maintains that ENTtech is not required to accept Nicolini's self-serving representations as true for the purpose of drafting its complaint.[13]

The Court is troubled by ENTtech's response to the serious allegations and arguments that Defendants raise in their Motion for Sanctions. Specifically, although ENTtech does argue in its Opposition that ENTtech is not bound to accept Nicolini's self-serving representations, ENTtech provides little, if any, detail regarding the underlying reasonable inquiry that ENTtech and ENTtech's counsel supposedly undertook with respect to each of the allegations that Defendants challenge. In other words, ENTtech does not sufficiently explain how each challenged allegation is supported by reasonable inquiry, particularly in view of the representations that Nicolini made to ENTtech.

That said, the paper that was the subject of the Motion for Sanctions—the FAC—has been superseded by the SAC. But the SAC contains many, if not all, of the allegations that Defendants challenged in their Motion for Sanctions. Therefore, although the Court retains jurisdiction to rule on a Rule 11 motion even after the alleged offending pleading or paper has been withdrawn, *see, e.g.*, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393-94 (plaintiff's dismissal of antitrust complaint pursuant to rule permitting dismissal by stipulation did not deprive district court of jurisdiction to award attorney's fees under Rule 11), the Court determines that, considering the procedural posture of this case, it is appropriate to give ENTtech one more chance to cure (or otherwise to address

---

[13] *See* Opp'n By Pl. ENTtech Media Group LLC, Tauler Smith LP, and Robert Tauler, Esq. to Defs.' Motion for Sanctions [Dkt. No. 42] (the "Opposition").

in a more robust manner) the apparent infirmities that Defendants raise in their Motion for Sanctions.

Accordingly, **IT IS ORDERED** that ENTtech shall elect one of the following three options:

(1) On or before November 13, 2020, at 12:00 noon, ENTtech shall file

    (a) a notice of withdrawal of the SAC; and

    (b) either

        (i) a stipulation of dismissal of the claims in ENTtech's SAC, with prejudice, under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (if Defendants will cooperate in that stipulation); or

        (ii) a motion for dismissal of the claims in ENTtech's SAC, with prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure (if Defendants will not cooperate in that stipulation).

-or-

(2) On or before November 13, 2020, at 12:00 noon, ENTtech shall file a Third Amended Complaint that cures *each* of the allegedly offending allegations in the FAC that Defendants challenge in their Motion for Sanctions.

-or-

(3) On or before November 13, 2020, at 12:00 noon, ENTtech shall file a Memorandum of Points and Authorities (of not more than 30 pages) and one or more supporting declarations explaining why the Court should not issue sanctions under Rule 11 of the Federal Rules of Civil Procedure and setting forth specific and detailed facts demonstrating ENTtech's and ENTtech's counsel's reasonable inquiry and belief regarding *each* of the

allegedly offending allegations in the FAC that Defendants challenge in their Motion for Sanctions.

**IT IS FURTHER ORDERED** that, on or before November 20, 2020, at 12:00 noon, Defendants may, at their option, file a Memorandum of Points and Authorities (of not more than 30 pages) and one or more supporting declarations explaining why the Court should issue sanctions under Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that a hearing (by videoconference) on this Order to Show Cause is set for December 11, 2020, at 9:00 a.m. The Court invites the parties' attention to their ability to invoke the procedures of L.R. 7-8.

**IT IS FURTHER ORDERED** that the hearing (by videoconference) on Defendants' Motion for Sanctions is continued from October 30, 2020, to December 11, 2020, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: October 28, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE