Robert E. Kohn (SBN 200373)
rkohn@taulersmith.com
*Of Counsel*
Tauler Smith LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC, and
for Counsel Robert Tauler, Esq. and
Tauler Smith LLP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC <br><br> Plaintiff, <br><br> v. <br><br> OKULARITY, INC., *et al.* <br><br> Defendants. | Case No. 2:20-cv-06298-JWH (Ex) <br><br> Assigned to Hon. John W. Holcomb <br> Courtroom 2 <br><br> **DECLARATION OF ROBERT E. KOHN IN RESPONSE TO ORDER TO SHOW CAUSE RE SANCTIONS UNDER RULE 11(c)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE [DKT. 54]** <br><br> Hearing Date:    December 11, 2020 <br> Time:                 9:00 a.m. <br> Place:               By videoconference <br><br> Hon. JOHN W. HOLCOMB |

### DECLARATION OF ROBERT E. KOHN

I, Robert E. Kohn, Esq., declare:

1.     I am counsel for Plaintiff ENTTech Media Group LLC ("ENTTech"), which is the named Plaintiff in this action, and for Counsel Robert Tauler ("Tauler") and Tauler Smith LLP ("TSLLP").  The facts set forth in this Declaration are true of my own knowledge, and if called upon to testify, I could and would testify as thereto.

2.     Pursuant to the Court's Order to Show Cause, ENTTech has elected option number (2).  *See* Dkt. 54 at 5.  The Third Amended Complaint (or "TAC") of November 13, 2020 cures each of the allegedly offending allegations in the First Amended Complaint (the "FAC," Dkt. 23) that Defendants challenged in their Joint Notice of Motion and Motion for Sanctions (the "Motion," Dkt. 39), namely:

- "Okularity does this [sends DMCA takedown notices] without any of the investigation, warning, or legal analysis required by the DMCA ..." (FAC ¶ 15.)

- "Through its proprietary software, Okularity automatically generates and submits DMCA Notices to any social media platform, including Instagram, containing an Image in Okularity's database." (FAC ¶ 15.)

- "By automatically generating and submitting DMCA Notices, Okularity has failed to follow the terms of the DMCA." (FAC ¶ 17.)

- "Defendants (1) are engaged in a scheme to deprive Plaintiff of its digital assets through a pattern of fraudulent statements made in DMCA Notices ..." (FAC ¶ 18.)

- "Plaintiff's CEO immediately contacted Defendants, and was faced with the extortionate demand of $4.6 million dollars ..." (FAC ¶ 23.)

- "However, since the DMCA Notices are automatically generated and submitted without any attorney supervision, Okularity does not engage in any analysis prior to generating and filing DMCA takedown notices as it should." (FAC ¶ 27.)

- "It was only after Okularity filed forty-eight (48) DMCA take-down notices against Paper that Instagram disabled Paper's account." (FAC ¶ 29.)

- "On at least 48 instances in 2019 and 2020 Defendants willfully, knowingly and materially made third-party §512(f) misrepresentations to Instagram stating that Plaintiff's images, some over three years old, were infringing intellectual property rights owned by one of the Clearinghouse Defendants." (FAC ¶ 37.)

- "Defendants [sic] misconduct includes its failure to take into consideration 'fair use' as a defense to their alleged claims." (FAC ¶ 40.)

- "Not only did Defendants fail to consider fair use []" (FAC ¶ 41.)

- "Clear that Okularity has any right to send DMCA notices on behalf of Backgrid, Splash or Xposure") (FAC ¶ 41)

- "Okularity sent fraudulent notices to Instagram ..." (FAC ¶ 50.)

- "Okularity (acting through Nicolini), submitted the DMCA notices to Instagram [] on behalf of their principals [the Photo Agencies]." (FAC ¶ 51)

- "When Okularity ... submitted the DMCA notices to Instagram ... Nicolini knew

(and thus, Okularity and all of its principals also knew) that no 'good faith' basis existed for believing that Plaintiff's uses of the images were unauthorized." (FAC ¶ 51.)

- "Rather, the Defendants all knew that the notices were based solely on the results of a software application created to scan the internet for copies of images in which copyrights had been claimed – without any inquiry (much less, a good faith inquiry) into whether the uses of those images were "authorized by the copyright owner, its agent, or the law." (FAC ¶ 51.)

- "improper DMCA notices" (FAC ¶ 52.)

- "purposely without regard to the truth or falsity of the allegation that any of Plaintiff's uses of the photographs was prohibited by law." (FAC ¶ 53.)

    3.    Exhibit A hereto is a comparison of the new TAC with the earlier FAC. This comparison is demonstrative.  It illustrates how the TAC cures the FAC's allegedly offending allegations.

    4.    Filing the TAC and submitting the attached comparison with the FAC does not concede or admit that any of those allegedly offending allegations actually *did* offend Rule 11 of the Federal Rules of Civil Procedure.  To the contrary, they did not.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  This declaration is executed on this 13th day of November, 2020, at Los Angeles, California.

                    /s/ *Robert E. Kohn*
                    Robert E. Kohn, Esq.

DECLARATION OF ROBERT E. KOHN

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: November 16, 2020                    TAULER SMITH LLP

By:   /s/ *Robert E. Kohn*
                                                          Robert E. Kohn
                                                          Of Counsel

                                                          Attorneys for Plaintiff
                                                          ENTTech Media Group LLC, and
                                                          for Counsel Robert Tauler, Esq. and
                                                          Tauler Smith LLP