Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al.*<br><br>Defendants. | Case No. 2:20-cv-06298-JWH (Ex)<br><br>Assigned to Hon. John W. Holcomb<br>Courtroom 2<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE FOR IMPOSITION OF SANCTIONS [63]** |

# EVIDENTIARY OBJECTIONS

| Evidence | Material Objected to | Grounds for Objection | Ruling |
|---|---|---|---|
| Peter Perkowski Declaration (63-2) | Ex. 1 | **Irrelevant [Fed. R. Evid. 401-402]:** This letter is irrelevant to the claims or defenses in this action.<br><br>**Unfair Prejudice, Confuses the Issues, Misleading [Fed. R. Evid. 403]:** The letter is unfairly prejudicial in that it is misleading and confuses the issues because it contains alleged statements by Enttech's counsel Mr. Tauler that Mr. Tauler did not make, or are taken out of context, or are false. Further, the letter falsely alleges Mr. Tauler was in an impaired state during a meet and confer call which is unfairly prejudicial because it is not only false, it unfairly disparages Mr. Tauler.<br><br>**Hearsay [Fed. R. Evid. 801-803]:** This exhibit is a letter written by Mr. Perkowski which contains numerous out of court statements by Mr. Tauler that are being offered for its truth. Consequently, it is inadmissible multiple hearsay. | Sustained: ____<br>Overruled: ____ |
| Joanna Ardalan Declaration (63-4); ¶ 2 | "On or around August 4, I explained by phone that my clients were not agreeable and that the 512(f) and RICO claims were sanctionable. I | **Irrelevant [Fed. R. Evid. 401-402]:** This statement is irrelevant to the claims or defenses in this action.<br><br>**Lacks Personal Knowledge, Lacks Foundation; Opinion Testimony [Fed. R. Evid. 602]:** The statement that "there was no opportunity for Tauler to have | Sustained: ____<br>Overruled: ____ |

1

EVIDENTIARY OBJECTIONS TO DEFS' RESPONSE TO OSC RE SANCTIONS

| | | |
|---|---|---|
| | explained the Photo Agencies' proposal, which would be a "graceful" way to avoid motion practice and potential Rule 11 sanctions. The proposal was as follows: ENTtech drops its claims, stipulate to copyright liability, and we go to arbitration for a monetary award, which would save everyone costs and fees and—as seemed very important to ENTtech at the time—would allow ENTtech to get its Instagram account back up without delay. Tauler rejected this proposal immediately after it was proposed during the phone call. In other words, there was no opportunity for Tauler to have conferred with his client." | conferred with his client" is Ms. Ardalan's opinion, and no evidence is submitted or referred to in support of the assertion. Thus, there is insufficient evidence to support a finding that Ms. Ardalan has personal knowledge of her statement that Mr. Tauler had no opportunity to have conferred with his client, as asserted. Further, she provides no basis for her speculations. | |

2

EVIDENTIARY OBJECTIONS TO DEFS' RESPONSE TO OSC RE SANCTIONS

| | | | |
|---|---|---|---|
| Joanna Ardalan Declaration (63-4); ¶ 3 | "Based off of the meet and confer call, the basis for bringing in Mr. Ginsburg was that he made a settlement offer to the CEO of ENTtech. I am still not clear on theory as to why Mr. Perkowski could be added, but Mr. Tauler believed it was appropriate because Mr. Perkowski serves as Okularity's in-house lawyer" | **Irrelevant [Fed. R. Evid. 401-402]:** This statement is irrelevant because it is not relevant to the claims or defenses in this action.<br><br>**Hearsay [Fed. R. Evid. 801-803]:** The statement by Mr. Tauler is an out of court statement being offered for its truth. Consequently, it is inadmissible hearsay.<br><br>**Lacks Personal Knowledge, Lacks Foundation; Opinion Testimony [Fed. R. Evid. 602]:** This statement is Ms. Ardalan's opinion, and no evidence is submitted or referred to in support of the assertion. Thus, there is insufficient evidence to support a finding that Ms. Ardalan has personal knowledge of the matter asserted. Further, she provides no basis for her speculations. | Sustained: ____<br><br>Overruled: ____ |
| Steven Ginsberg Declaration (63-5); ¶ 3 | "In light of my concern that Mr. Tauler might be interfering with the resolution of this lawsuit, I reached out to Tom Florio, who I understand to be the CEO of ENTtech." | **Irrelevant [Fed. R. Evid. 401-402]:** The statement is not relevant to the case or the claims or defenses in this action.<br><br>**Unfair Prejudice, Confuses the Issues, Misleading [Fed. R. Evid. 403]:** The statement is unfairly prejudicial in that it is misleading and confuses the issues because it concerns Enttech's counsel Mr. Tauler, who is not a party to this case and is merely counsel.<br><br>**Lacks Personal Knowledge, Lacks Foundation; Opinion Testimony [Fed. R. Evid. 602]:** | Sustained: ____<br><br>Overruled: ____ |

3

EVIDENTIARY OBJECTIONS TO DEFS' RESPONSE TO OSC RE SANCTIONS

| | | | |
|---|---|---|---|
| | | Mr. Ginsberg's statement that he was concerned that Mr. Tauler might be interfering with the resolution of this lawsuit is his opinion, and no evidence is submitted or referred to in support of the assertion. Thus, there is insufficient evidence to support a finding that Mr. Ginsberg has personal knowledge of the matter. Further, Mr. Ginsberg provides no basis for his speculations about Mr. Tauler. | |
| | Steven Ginsberg Declaration (63-5); ¶ 4 | "On our first call, Mr. Florio told me that I "remind me [Mr. Florio] of myself" and he told me he wished we had this conversation sooner. I inferred from this comment that if we had spoken to each other before the litigation commenced we may have been able to reconcile. He also told me about some of the hardships his business suffered after ENTtech's Instagram account was taken down. I told him about some of the hardships the Photo Agencies | **Irrelevant [Fed. R. Evid. 401-402]:** The statement is not relevant to the claims or defenses in this action because it concerns Enttech and its counsel's relationship and communications, which is not at issue in the instant action. Mr. Florio's alleged statement that Mr. Ginsberg reminds him of himself is completely irrelevant to the claims or defenses in this action.

**Unfair Prejudice, Confuses the Issues, Misleading [Fed. R. Evid. 403]:**  The statement is unfairly prejudicial in that it is misleading and confuses the issues because it concerns Enttech's CEO's alleged conversations about Enttech's counsel Mr. Tauler, who is not a party to this case and is not involved in the claims. Additionally, the statement confuses the issues by putting Enttech and its counsel's relationship and communications at issue, which is not at issue in the instant action. Additionally, the statement that Mr. Florio allegedly | |

| | | | |
|---|---|---|---|
| | suffered because of online infringement, especially on Instagram. He also told me that it was "news" to him that there was any settlement proposal as he had not heard of any from his lawyer." | made to Mr. Ginsberg that he reminded him of himself is unfairly prejudicial and misleading.<br><br>**Hearsay [Fed. R. Evid. 801-803]:** These multiple statements are out of court statements by Mr. Florio that are being offered for its truth. Consequently, it is inadmissible hearsay. | |
| David Quinto Declaration (63-6) | Ex. A; Email from Mr. Tauler to Mr. Quinto | **Irrelevant [Fed. R. Evid. 401-402]; Unfair Prejudice, Confuses the Issues [Fed. R. Evid. 403]:** This email is irrelevant to the claims or defenses in this action. Further, this email is unfairly prejudicial and confuses the issues.<br><br>**Settlement Communications [Fed. R. Evid. 408]:** This email is improper to the extent it is being used to demonstrate liability of Enttech. | Sustained: ____<br>Overruled: ____ |
| Peter Afrasiabi Declaration (63-7) | Ex. A | **Irrelevant [Fed. R. Evid. 401-402]; Unfair Prejudice, Confuses the Issues [Fed. R. Evid. 403]:** This email is irrelevant to the claims or defenses in this action. Further, this email is unfairly prejudicial and confuses the issues.<br><br>**Settlement Communications [Fed. R. Evid. 408]:** This email is improper to the extent it is being used to demonstrate liability of Enttech. | Sustained: ____<br>Overruled: ____ |

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: December 3, 2020 | TAULER SMITH LLP |
|  | By: */s/ Robert Tauler* <br> Robert Tauler <br> Attorneys for Plaintiff <br> ENTTech Media Group LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2020, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

Dated:  December 3, 2020                **TAULER SMITH, LLP**


By: /s/ *Robert Tauler*
     Robert Tauler

Counsel for Plaintiff
ENTTECH MEDIA GROUP LLC