Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al*.<br><br>Defendants. | Case No. 2:20-cv-06298-RGK (Ex)<br><br>Assigned to Hon. R. Gary Klausner<br>Courtroom 2<br><br>**PLAINTIFF ENTTECH MEDIA GROUP LLC, TAULER SMITH LLP, AND ROBERT TAULER, ESQ.'S SUR-REPLY TO ORDER TO SHOW CAUSE RE SANCTIONS UNDER RULE 11(c)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE [DKT. 54]**<br><br>Hearing Date:    February 11, 2021<br>Time:            9:00 a.m.<br>Place:           By videoconference<br><br>Hon. R. Gary Klausner |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

I. OVERVIEW ......................................................................................................... 1

    A. Defendants Misrepresent the Rule 11 Legal Standard ............................... 2

    B. Nicolini's Deposition Testimony Confirmed that the Allegations in the
    TAC Are Well Grounded in Fact ................................................................. 4

        1. Rule 11 Mandates the Consideration of Acquired Evidence Including Nicolini's
        Deposition ............................................................................................... 4

        2. Nicolini Did Not Consider Two of the Fair Use Factors Including the
        Most Important Fourth Factor ................................................................. 6

    C. The Opposition Addresses Defendants' Lack of Exclusive Ownership
    Rights as Alleged in the TAC ...................................................................... 8

    D. Defendants Repeatedly Misrepresent Tauler's Deposition Testimony ...... 9

    E. Defendants Fail to Meet Their Burden Under Rule 11 ............................. 10

II. CONCLUSION ................................................................................................. 10

CERTIFICATE OF SERVICE ............................................................................. 11

# TABLE OF AUTHORITIES

Cases

*Benedict v. Hewlett-Packard Co.*, 13-CV-00119-LHK, 2014 U.S. Dist. LEXIS 7323 (N.D. Cal 2013)...................................................................................5

*Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017) ...........................7

*Golden Gate Way, LLC v. Stewart*, C09-04458, 2011 U.S. Dist. LEXIS 93754 (N.D. Cal. Aug. 22, 2011).........................................................................4

*Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539 (1985) ...................... 6, 7

*Himaka v. Buddhist Churches of Am.*, 917 F. Supp. 698 (N.D. Cal. 1995) .................. 5, 8

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ...............................................3

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996)........................ 3, 4, 5, 8

*Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003)................................. 6, 7

*MetLife Bank, N.A. v. Badostain*, 10–CV–118–CWD, 2010 U.S. Dist. LEXIS 138261 (D. Idaho 2010) ............................................................................4

*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988) .................. 10

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)..............................7

*Persian Gulf Inc. v. BP West Coast Prods. LLC*, 18-cv-1377-DMS-AGS, 2020 U.S. Dist. LEXIS 36584 (S.D. Cal 2020)...................................................5

*Rachel v. Banana Rep. Inc.*, 831 F.2d 1503 (9th Cir. 1987)..............................................4

*Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833 (9th Cir. 1987)......... 10

*Uniloc United States, Inc. v. Apple Inc.,* 18-cv-00362-PJH, 2018 U.S. Dist. LEXIS 88534 (N.D. Cal 2018).................................................................8

*United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102 (9th Cir. 2001) ......................5

*Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110 (9th Cir. 2000)..............................................................................................6

Rules

Fed. R. Civ. P. 11(c)(2) ............................................................................... 2, 10

Pursuant to the Court's December 14, 2020 Order (Dkt. 74), Plaintiff ENTTech Media Group LLC ("Plaintiff" or "ENTTech") hereby submits its sur-reply brief in response to the Order to Show Cause (Dkt. 54) with respect to Defendants Jon Nicolini ("Nicolini"), Okularity, Inc. ("Okularity"), BackgridUSA, Inc. ("Backgrid"), Splash News and Picture Agency, LLC ("Splash"), and XPosure Photo Agency, Inc. ("Xposure") (collectively, "Defendants").

## I.     OVERVIEW

By its motion and reply papers, Defendants misrepresent the law related to Rule 11 and would have the Court adopt a wholly new and untenable standard – requiring Plaintiff's counsel to provide uncontested facts at the pleading stage.  Of course, many facts and legal conclusions are contested at the outset of most legal disputes.  As such, Rule 11 provides for sanctions only in exceptional cases and <u>only</u> when a filing is both baseless <u>and</u> made without a reasonable and competent inquiry. The extensive pre-litigation inquiry of ENTTech's counsel, described in detail in ENTTech's Opposition papers (the "Opposition"), was beyond sufficient to set forth the allegations in Third Amended Complaint ("TAC").

Indeed, the allegations in the TAC were reinforced and confirmed during the deposition of Nicolini. Nicolini's testimony revealed that he did not and *could not* conduct an adequate fair use analysis prior to issuing a barrage of DMCA notices in order to take down ENTTech's Instagram account. In the Reply, Defendants urge the court to ignore Nicolini's testimony, presumably because it is harmful to their case and directly contradicts their own allegations in the moving papers.[1] However, the law is clear that after-acquired evidence, such as Nicolini's deposition, <u>must</u> be considered as part of a Rule 11 inquiry.

---

[1] *Compare*, Dkt 39 at Page ID #:390: "Nicolini caused [DMCA Notices] to be sent individually, not automatically." With Nicolini deposition at Pg. 42 at 23-25: "Q Automatically, the system generates it, correct? A After I direct the system to generate it, yes"; Pg. 60 at 23-25: "Q. This is something the software automatically populates, correct? A Yes."

Defendants failed to meet their burden under Rule 11. There is no objectively reasonable factual basis to invoke Rule 11. Defendants failed to conduct their own investigation into the merits of their case – i.e. Nicolini's fair use deficiencies – which became glaringly obvious during Nicolini's deposition. ENTTech should be awarded attorney's fees pursuant to Rule 11(c)(2) as the "prevailing party" because Defendants' requests for sanctions are themselves objectively frivolous and brought in bad faith.

**A. Defendants Misrepresent the Rule 11 Legal Standard.**

In the Opposition, ENTTech described the significant inquiry and investigation undertaken by its counsel, Mr. Robert Tauler and his law firm, Tauler Smith LLP, prior to the filing of this action. The inquiry included: (1) 57.80 hours of research from Tauler Smith attorneys and paralegals about Defendants' background and prior actions, which provided background as to Okularity's automated DMCA software and Nicolini's background (Dkt. 81-6 (January 14, 2021 Deposition of Robert Tauler) at 18:7-22:24; 39:15-43:14; 140:24-143:19); (2) research of prior lawsuits filed by Defendants, which revealed that Nicolini's fair use statement was cut and pasted from a letter written by Peter Perkowski in 2018 (*Id*. at 57:159:2)  (3) Analysis of the excel spreadsheets and communications Nicolini provided to Plaintiff (*Id*. at 146:15-151:13); (4) online research about Defendants' practices, which uncovered news publications regarding Defendants' scheme (*Id*. at 145:10-146:14) (5) Review of Okularity's website ] (*Id*. at 151:18-153:13); (6) Research conducted by Tauler Smith paralegals as to the market value and wide dissemination of the subject images  (*Id*. at 53:22-54:22; 79:2-81:9), among other things (Dkt. 77 at 3-7).

Tauler's inquiry uncovered numerous facts that provide a basis for the allegations in the TAC. Specifically, Tauler discovered through his research that Nicolini employs software that automatically generates DMCA notices, each falsely attesting to a review of "fair use" in cut and paste statements that Nicolini did not draft. (Dkt. 77 at 3-5). This was confirmed during pre-litigation calls between Tauler and Nicolini, where he admitted the use of automated software to generate DMCA notices and take down ENTTech's

Instagram account. (Dkt. 77 at 6). Tauler also discovered that Nicolini has no legal background or training. *Id*. Tauler's research led him to conclude that Nicolini did not conduct an adequate fair use review of the photographs at issue. *Id*. This was confirmed during Nicolini's deposition, where Nicolini testified that he did not possess even a minimal understanding of fair use and could not have adequately made a fair use determination for any of the pictures at issue in this case. (Dkt. 77 at 7-10).

The background research conducted by Mr. Tauler and his law firm went above and beyond requirements of Rule 11, providing an adequate basis for the allegations after a reasonable and competent inquiry. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996) (citation omitted) ("frivolous filing under Rule 11 is "both baseless <u>and</u> made without a reasonable and competent inquiry.").

In the Reply, without citing to any legal authority, Defendants repeat a mantra that Rule 11 sanctions should be imposed because Tauler was "told by Nicolini" that he had considered fair use. (Dkt. 81 at 3).  This is an absurd standard.  Nicolini, who is currently being sued for fraud, would have every reason to provide a self serving attestation to get himself out the lawsuit.  In any case, Nicolini's declaration is contradicted his own testimony – it should in no way form a basis for Rule 11 sanctions against *the attorney* of his accuser. (*See* Dkt. 81 at 1).

Rather, a filing is frivolous filing under Rule 11 only if is "both baseless <u>and</u> made without a reasonable and competent inquiry." *Keegan Mgmt. Co.,* 78 F.3d at 434. Accordingly, when a complaint is challenged under Rule 11, a district court must conduct a two-prong inquiry to determine whether the complaint is frivolous:  "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation and internal quotation marks omitted). The "baseless" and "reasonable inquiry" requirements are conjunctive, not disjunctive. Therefore, "[a]n attorney may not be sanctioned for a [filing] that is not well-founded, so long as she conducted a reasonable inquiry." *In re Keegan*, 78 F.3d at

434. By the same token, an attorney cannot "be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry[.]" *Id*.

Further, "circumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support" for purposes of Rule 11. *MetLife Bank, N.A. v. Badostain*, 10–CV–118–CWD, 2010 U.S. Dist. LEXIS 138261, *6 (D. Idaho 2010) (internal citation and quotation marks omitted); *Rachel v. Banana Rep. Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (reversing sanctions because of existence of circumstantial evidence plaintiffs relied upon in their complaint); see also *Golden Gate Way, LLC v. Stewart*, C09-04458, 2011 U.S. Dist. LEXIS 93754, *4 (N.D. Cal. Aug. 22, 2011) ("an inference, reasonably drawn from the undisputed circumstantial evidence, suffices").

Described above and in the Opposition, Tauler conducted an extensive pre-litigation inquiry that revealed substantial evidence to form the basis of the allegations in the TAC. Tauler's inquiry, combined with the facts uncovered during the subsequent deposition of Nicolini, easily satisfies Rule 11. Defendants' attempt to apply a summary judgment level standard to Rule 11 must fail.

**B. Nicolini's Deposition Testimony Confirmed that the Allegations in the TAC Are Well Grounded in Fact**

**1. Rule 11 Mandates the Consideration of Acquired Evidence Including Nicolini's Deposition.**

Nicolini's deposition, as cited in the Opposition, demonstrates conclusively that he did not and *could not have* conducted an adequate fair use analysis in this matter. The deposition testimony confirmed Tauler's research that Nicolini does not possess even a minimal understanding of fair use. When asked to summarize his understanding of fair use, Nicolini was at a complete loss. Nicolini could not name the elements of fair use. (Dkt. 81 at 7). When asked about Nicolini's education related to fair use, he could not recall a single judicial opinion he had read in the last 5 years or any legal research he conducted. (*Id*. at 14:1-14). Nicolini's deficient understanding of fair use is particularly

1   egregious, considering that he self identifies as a "copyright agent" that oversees the

2   transmission of hundreds of DMCA notices.

3        In the Reply, without citing to legal authority, Defendants desperately urge the

4   Court to disregard Nicolini's deposition. (Dkt. 81 at 5-6) ("The deposition [of Nicolini]

5   demonstrates only Mr. Tauler's post-complaint discovery efforts . . . which is not useful

6   to him in the Rule 11 context. This deposition therefore cannot exonerate Tauler.").

7   Defendants again misstate the legal standard of a Rule 11 inquiry, which mandates a

8   consideration of both pre-litigation investigation and after-acquired evidence.

9        A Rule 11 inquiry a claim is "'well-grounded in fact' if an independent

10   examination reveals 'some credible evidence' in support of a party's statements." *Himaka*

11   *v. Buddhist Churches of Am.*, 917 F. Supp. 698, 710 (N.D. Cal. 1995). A claim that has

12   "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11.

13   *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001). "While

14   the Court generally considers what facts were known by the plaintiff at the time of suit,

15   ***the court must also consider 'after-acquired factual evidence' if it supports the***

16   ***claims.*** *Benedict v. Hewlett-Packard Co.*, 13-CV-00119-LHK, 2014 U.S. Dist. LEXIS

17   7323, *19 (N.D. Cal 2013) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431,

18   434 (9th Cir. 1996) (emphasis added); *Persian Gulf Inc. v. BP West Coast Prods. LLC*,

19   18-cv-1377-DMS-AGS, 2020 U.S. Dist. LEXIS 36584, *13-14 (S.D. Cal 2020) ("As a

20   matter of doctrine, such a good-faith basis [under Rule 11] ***may be based on 'after-***

21   ***acquired evidence' and does not depend on 'plaintiffs' attorneys' subjective knowledge***

22   ***at the time they filed the complaint.*** ' In fact, an attorney who 'fail[s] to conduct a

23   reasonable inquiry' before filing a complaint that still turns out to be 'well-founded' is

24   not subject to Rule 11 sanctions.) (quoting *Keegan*, 78 F.3d at 434) (emphasis added).

25        Here, Nicolini's deposition testimony demonstrates that he could not have

26   adequately considered fair use prior to enabling his software to automatically generate

27   DMCA notices and take down ENTTech's Instagram account. Nicolini's testimony

28   further demonstrates that his self-serving declaration and attestation was false and

misleading. Defendants' desperate attempt to urge the Court to disregard Nicolini's deposition testimony rings hollow and does not comport with the law, which mandates that the testimony be considered under Rule 11.

**2. Nicolini Did Not Consider Two of the Fair Use Factors Including the Most Important Fourth Factor.**

In the Opposition, ENTTech presented an example of Nicolini's inadequate fair use analysis by including a portion of Nicolini's deposition testimony, where he attempted to analyze an image in this case. (Dkt. 77 at 8) (image reproduced in the Opposition).

Presented with Nicolini's demonstrable lack of fair use analysis related to the photo example, Defendants make a disingenuous attempt to argue that Nicolini "addresses each of the factors delineated in 17 U.S.C. § 107" (Dkt. 81 at 6). Defendants' mischaracterization of Nicolini's testimony ignores the undisputed fact that Nicolini used automated software to cut-and-paste the same exact fair use "analysis" no matter what the image was. (Dkt. 81-6 at 57:19-23: "if you file 35 takedown notices, and you demand that the account be taken down, and you cut and paste the exact same thing to the image, no matter what it is, I think that indicates no analysis was done.")

Moreover, Defendants' are flatly wrong that Nicolini's deposition testimony "addresses each of the [fair use] factors." Nicolini did <u>not</u> demonstrate the ability to consider the second factor, the "nature of the original work" which "turns on whether the work is informational or creative." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1118 (9th Cir. 2000). The scope of fair use is greater with respect to informational works because "[t]he law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 563 (1985). This factor also considers whether the original work was published: "Published works are more likely to qualify as fair use because the first appearance of the artist's expression has already occurred." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003). Thus, if a work has appeared on the Internet

6

before a defendant copies it, this strengthens a finding of fair use. *See id.*; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007).

Defendants misrepresent the second fair use factor, arguing that Nicolini "addresses the second factor . . . in that the underlying work is a photograph." (Dkt. 81 at 6). However, a correct application of the second factor necessitates a consideration of whether the work is "informational or creative." Here, the work in question, a picture of celebrities in public, is certainly "informational" which weighs in favor of fair use. Nicolini simply never considered this factor at all.

Nicolini also did <u>not</u> consider the fourth fair use factor, which reviews "the extent of market harm caused by the infringing activity and whether unrestricted and widespread conduct of the sort engaged by the defendant . . . would result in a substantially adverse impact on the potential market for the original." *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 861 (9th Cir. 2017). The fourth factor "***is undoubtedly the single most important element of fair use***." *Harper & Row*, 471 U.S. at 566 (emphasis added).

As with the second factor, Defendants misrepresent the fourth factor and argue that Nicolini addressed the factor by testifying that the photographs were "on a[n] Instagram account used to make money." (Dkt. 81 at 6). However, this is not the fourth fair use factor at all, which necessitates a detailed consideration of the detriment to the potential market for the original work. Importantly, Nicolini never made any such consideration, likely because he did not know that it existed.

Nicolini's failure to consider the second and fourth fair use factors provide conclusive evidence that he did not have an adequate understanding of fair use and never conducted a sufficient fair use review in this matter. This is in consistent with his testimony that he was incapable of naming the four fair use factors, despite his role as a "copyright agent," and could not cite legal authority he had read on fair use in the last 5 years. (Dkt. 77 at 7). Nicolini's testimony, by itself, provides ample evidence to satisfy Rule 11 and, again, must be considered for the purposes of this motion. *See Uniloc*

*United States, Inc. v. Apple Inc.,* 18-cv-00362-PJH, 2018 U.S. Dist. LEXIS 88534, *7 (N.D. Cal 2018) ("the district court **must 'consider after-acquired factual evidence** that would have adequately supported the complaint' when determining whether sanctions are appropriate under Rule 11.) (quoting *Keegan*, 78 F.3d at 434).

## C. The Opposition Addresses Defendants' Lack of Exclusive Ownership Rights as Alleged in the TAC.

In the Opposition, ENTTech provides a basis for allegations in allegations in the TAC that Defendants lack exclusive ownership rights to the photographs at issue. (Dkt. 77 at 16). This includes Nicolini's own testimony that he transmitted a DMCA notice for one of the images at issue for a distributor Backgrid UK, which is not a party to this action, but held (and may currently hold) an exclusive distribution license to one of the photographs.; *Id.* It also includes a review by Tauler of a spreadsheet provided by Nicolini to ENTTech, which makes clear that DMCA notices were transmitted on behalf of companies that do not appear to possess the exclusive rights to the images references in the notices. *Id.* at 6.

In the Reply, Defendants ignore these portions of the Opposition and, again, repeat the same mantra that ENTTech must provide conclusive "evidentiary support" for Defendants' ownership of the images at issue. (Dkt. 81 at 13). Defendants' arguments once again misstate the law on Rule 11.

As with the allegations relating to Nicolini's fair use deficiencies, the evidence that Tauler uncovered during his extensive investigation, combined with Nicolini's testimony, provide ample basis for the allegations in the TAC to satisfy Rule 11. *Himaka*, 917 F. Supp. At 710 ("A Rule 11 inquiry a claim is 'well-grounded in fact' if an independent examination reveals 'some credible evidence' in support of a party's statements."); *Keegan*, 78 F.3d at 434 (after-acquired evidence must be considered as part of a Rule 11 inquiry). Defendants' repeated attempts to turn a Rule 11 inquiry into a summary judgment level standard of evidentiary support, at the outset of the case and prior to any discovery, must be denied.

1

**D. Defendants Repeatedly Misrepresent Tauler's Deposition Testimony.**

2

Throughout the Reply, Defendants provide inaccurate citations to the January 14,

3

2021 deposition of Tauler. For example, in a nonsensical argument, Defendants assert

4

that Tauler testified "any idiot" can perform a fair use analysis, which somehow

5

rehabilitates Nicolini's fair use deficiencies. (Dkt. 81 at 2, 4).

6

However, the accurate quote reveals that Tauler testified his belief that anyone can

7

*attempt* to conduct a fair use analysis, but an adequate analysis requires a sufficient

8

understanding of fair use, which Nicolini lacked. (Dkt. 81-6 at 40:10-41:21) ("Any idiot

9

can do a fair use analysis. They just can't . . .do an accurate one, I think you should know

10

what you're talking about. . . [Nicolini attempted the analysis] without any legal training

11

and by cutting and pasting the same thing for every single image, in other words, *not*

12

*conducting an analysis*."). Tauler explained further that "anyone could ski a double black

13

diamond course. It doesn't mean that they're going to make it to the end of it . . . That's

14

kind of what my point is." *Id*.

15

In another example, Defendants misstate Tauler's testimony to argue that Tauler

16

"admits that he has not reviewed the infringements for fair use himself and therefore he

17

cannot credibly argue that Okularity's analysis was deficient." (Dkt. 81 at 7). However,

18

the issue at hand is not who between Mr. Nicolini and Mr. Tauler can do a better fair use

19

analysis.  Rather, Plaintiff contests that Mr. Nicolini did not undertake a fair use analysis

20

whatsoever.  (Dkt. 81-6 at 158:18-22: "Q. Now, at the time that you filed the First

21

Amended Complaint, you knew that Jon Nicolini had reviewed the images in question

22

here for fair use before submitting the DMCA takedowns; isn't that true? A. No. It's a

23

contested fact in the case.") This case is not about Tauler's review of fair use or Tauler's

24

submissions of DMCA notices. Nicolini, not Tauler, is the self-styled "copyright agent"

25

who does not have a minimal understanding of fair use. Nicolini, not Tauler, uses

26

automated software to draft and submit hundreds of DMCA notices, all with a cut and

27

paste attestation that he adequately reviewed each image for fair use, when his testimony

28

revealed otherwise. Defendants' false quotations of Tauler's deposition testimony can only serve to distract from the deficiencies of their own case.

### E. Defendants Fail to Meet Their Burden Under Rule 11

When Rule 11 sanctions are party-initiated, the burden is on the moving party to demonstrate why sanctions are justified. *See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has held that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). They are reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344. "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.*

Defendants failed to meet their burden under Rule 11. It is clear from the evidence presented that ENTTech conducted a thorough pre-litigation inquiry, and the relevant allegations in the TAC were confirmed by Nicolini during deposition. Defendants' motion is nothing more than a thinly-veiled discovery device. ENTTech should be awarded attorney's fees pursuant to Rule 11(c)(2) as the "prevailing party" because, Defendants' Motion is objectively frivolous and brought in bad faith.

## II.   CONCLUSION

For the foregoing reasons, Defendants' Motion must be denied and ENTTech should be awarded attorney's fees pursuant to Rule 11(c)(2).


DATED: February 5, 2021          TAULER SMITH LLP

By: */s/ Robert Tauler*
Robert Tauler

Attorneys for Plaintiff
ENTTech Media Group LLC, and
for Counsel Robert Tauler, Esq. and
Tauler Smith LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: February 5, 2021                         TAULER SMITH LLP


By: __/s/ *Robert Tauler*__
Robert Tauler

Attorneys for Plaintiff
ENTTech Media Group LLC, and
for Counsel Robert Tauler, Esq. and
Tauler Smith LLP