Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al.*<br><br>Defendants. | Case No. 2:20-cv-06298-JWH (Ex)<br><br>Assigned to Hon. John W. Holcomb<br>Courtroom 2<br><br>**PLAINTIFF'S OBJECTION TO NOTICE TO THE COURT RE: ASSIGNMENT OF SPLASH NEWS AND PICTURE AGENCY LLC'S COPYRIGHTS AND REQUEST FOR SANCTIONS[84]** |

**OBJECTION AND SUGGESTION TO STRIKE**

Plaintiff objects to Splash News and Picture Agency, LLC's "Notice to the Court re Assignment of Splash News and Picture Agency's Copyrights" ("Notice of Assignment")(Dkt. 84) and requests that the Court take into considering this objection at the February 11, 2021 hearing on Defendants Motion to Dismiss and Motion for Rule 11 Sanctions on multiple grounds that impact the pending motion and upcoming hearing. The Notice of Assignment (filed today) states that Splash News and Picture Agency, LLC ("Splash USA") "***inadvertently*** assigned the copyrights to its photographs at issue in this litigation to its parent company" "on or around January 19, 2021," and counsel for Splash was informed on February 3, 2021 that it did not own the copyrights at issue in this case. The Notice demonstrates that Defendants included false representations of facts in numerous filings at issue in the upcoming February 11, 2021 hearing on Defendants' Motion to Dismiss and Motion for Sanctions. Specifically, in all filings related to the two motions, Defendants repeatedly represent that they own exclusive rights to the copyrights at issue, when they now admit that this is not the case. These misrepresentations are sanctionable under Rule 11, because it is now clear that Defendants did not conduct a minimal amount of investigation into the ownership rights that they attested to in their filings. Defendants' "Notice" exposes their bad faith conduct for a number of reasons.

*First*, an "inadvertent" assignment does not exist under the law. Copyright ownership cannot be assigned "inadvertently." Pursuant to 17 U.S.C. § 204 "A transfer of copyright ownership . . . is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, i***s in writing and signed by the owner of the rights conveyed*** . . ." Therefore, Defendant Splash USA must have executed a written agreement to assign copyrights. Yet, Defendants fail to submit this agreement to the Court or provide any details. It is unclear which copyrights were assigned, for what value, and to whom. It is unclear how or why the copyrights were assigned back to

Splash USA. The assignment must have been a result of an express written agreement and could not have been "inadvertent." Defendants should have attached the operative agreement to the Notice, but declined to do so in an intentional attempt to withhold the relevant facts surrounding the assignment.

Second, according to Defendants, the purported assignment took place on or around January 19, 2021. 8 days later, on January 27, 2021, Defendants filed two briefs with the Court (Dkts. 80 and 81), where Defendants **falsely represented to the Court** that Splash USA owned the copyrights at issue in this case. In fact, Defendants' exclusive ownership of the copyrights is a <u>central issue</u> in this case and in motions before the Court. By way of example, Defendants' briefs include the following misrepresentations:

- Tauler has "[no] basis to contend that the Photo Agencies do not own the rights to the works at issue." (Dkt. 81: PageID#1558 at lines 4-6)
- "Remarkably, Mr. Tauler has not explained his basis for these legally frivolous allegations [that Defendants don't own the copyrights at issue.]" (Dkt 81: PageID#1558 at lines 25-27)
- "[N]o facts…cast doubt on the Photo Agencies' copyright ownership" (Dkt. 81: PageID#1558 at lines 15-18).[1]

Even if counsel for Defendants were unaware the above statements were false at the time of filing, that would not be an excuse. Pursuant to Rule 11, Defendants are required to make a reasonable inquiry into the basic facts they are representing to the Court. It is clear that Defendants failed to make any such inquiry and sanctions are warranted.

---

[1] Defendants repeated false statements disparaging counsel for Plaintiff were even made in the headings of their brief "MR. TAULER HAS NO EVIDENTIARY SUPPORT FOR HIS ALLEGATION THAT THE PHOTO AGENCIES DO NOT OWN THE COPYRIGHTS TO THE WORKS AT ISSUE" (Dkt 81: PageID#1554 at lines 5-7)

Third, despite knowledge that Splash USA did not own the copyrights at issue in this case on February 3, 2021 (according to Defendants' own timeline), Defendants did not inform the Court or opposing counsel of this fact until February 9, 2021, six days later. **This is a crucial fact** because Plaintiff's sur-reply brief was due on February 5, 2021 (Dkt. 82). . It is clear that Defendants purposefully withheld this key evidence until after Plaintiff drafted and submitted its sur-reply brief, so as to limit Plaintiff's arguments in the brief and gain an advantage in this case.

Defendants' bad faith conduct merits sanctions under 28 U.S.C. § 1927, which provides for sanctions against any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . ." *See* New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith.").

Fourth, the Notice of Assignment makes it clear that Defendants misrepresented the facts in their corporate disclosures to Plaintiffs. Defendants counsel has previously attested in their corporate disclosure statement that Splash USA has "no parent." (Declaration of Robert Tauler ["Tauler Dec."], Ex. A). According to the Notice of Assignment, however, Splash USA does in fact have a "parent company." Despite this revelation, Defendants do not disclose who this parent company is, or how any company could conceivably "inadvertently" assign copyrights being litigated. In fact, the undersigned informed Defendants of his belief that the corporate disclosure statement contained false information in November 2020, however, Defendants never filed a corporate disclosure statement mentioning any parent company. (Tauler Dec., Ex. B). Defendants omission is suspicious, if not glaring, particularly since other public filings indicate that Splash USA is owned by Silverhub Media UK Ltd., a foreign corporation currently under bankruptcy protection – another fact that would negatively impact Defendants' Counterclaims, and possibly their entire operation. The Court should Order that this information be disclosed.

Fifth, as Defendants themselves argue in their Joint Reply Brief "[a] transfer of copyright ownership" is not valid unless in writing signed by owner of the rights conveyed. (Dkt. 81: PageID#1558 at lines 26-28) (citing 17 U.S.C. § 204(a)).  The Court is entitled to know who the rights at issue were assigned to, even if temporarily, as it is likely to be dispositive of Defendants' Counterclaims. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1143-44 (9th Cir. 2008)("third party strangers and nonexclusive licensees cannot bring suit to enforce a copyright"). In addition to sanctions, the Court should order that Defendants produce all assignments in their possession of every copyright in dispute (demonstrating a chain of title) so that Defendants may dispel all doubt about the veracity of their ownership and prevent Defendants from continuing to misrepresent their exclusive ownership of the copyrights at issue in this case.

Respectfully submitted,

DATED: February 9, 2021                                TAULER SMITH LLP

                                                                          By:   /s/ Robert Tauler
                                                                                   Robert Tauler
                                                                                   Attorneys for Plaintiff
                                                                                   ENTTech Media Group LLC

# **DECLARATION OF ROBERT TAULER**

I, Robert Tauler, Esq., declare:

1. I am counsel for Plaintiff ENTTech Media Group LLC ("ENTTech"), which is the named Plaintiff in this action. The facts set forth in this Declaration are true of my own knowledge, and if called upon to testify, I could and would testify as thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the Corporate Disclosure Statement (Fed. R. Civ. P. 7.1 and Local Rule 7.1-1) filed by Backgrid USA, Inc.; Splash News and Picture Agency, LLC; and Xposure Photo Agency, Inc. in the case of *Backgrid USA, inc., et al. v. ENTTech Media Group LLC, et al.* (USDC Central District of California, Case No. 2:20-cv-06803), dated July 29, 2020.

3. Attached hereto as **Exhibit B** is a true and correct copy of an email sent from me to Peter Perkowski, dated November 30, 2020.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  This declaration is executed on this 9th day of February, 2021, at Los Angeles, California

/s/ *Robert Tauler*
Robert Tauler, Esq.

4

OBJECTION TO NOTICE RE: SPLASH COPYRIGHTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 9, 2021, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

Dated:  February 9, 2021         **TAULER SMITH, LLP**

                                         By: /s/ *Robert Tauler*
                                              Robert Tauler

                                        Counsel for Plaintiff
                                        ENTTECH MEDIA GROUP LLC