Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Gil Peles (SBN 238889)
gpeles@taulersmith.com
Tauler Smith LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al*.<br><br>Defendants. | Case No. 2:20-cv-06298-JWH (Ex)<br><br>**PLAINTIFF ENTTECH MEDIA GROUP LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST DEFENDANT BACKGRID USA, INC.**<br><br>Hearing Date: April 9, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 2<br><br>Hon. John W. Holcomb |

**PLEASE TAKE NOTICE** that on April 9, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable John W. Holcomb, at a place to be determined by the Court, Plaintiff ENTTech Media Group LLC ("Plaintiff" or "Counterclaim-Defendants") will, and hereby does, move the Court for an order for judgment on the pleadings against Defendant Backgrid USA, Inc. ("Defendant").

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice and Compendium of Images filed concurrently herewith, the files, records, and pleadings in this action, and any other additional argument or evidence that may be presented at or before the hearing of this Motion.

Pursuant to Local Rule 7-3, this Motion is made following the conferences of counsel which took place on August 18, 2020, December 1, 2020 and February 1, 2020..

DATED: March 5, 2021                TAULER SMITH LLP


By:   /s/ *Robert Tauler*
      Robert Tauler

Attorneys for Plaintiff
ENTTech Media Group LLC

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... iii

I. INTRODUCTORY STATEMENT ....................................................................... 1

II. ARGUMENT ....................................................................................................... 1

A. Legal Standards ................................................................................................... 1

B. Backgrid's Allegations Fail to Establish Ownership of the Alleged Copyrights ........... 2

C. Backgrid's Pleadings Do Not Allege How Paper Magazine Infringed ......................... 4

D. The Counterclaims Should be Dismissed Because of Counterclaimants' Unclean Hands ........................................................................................................ 7

E. Counterclaimants Are Not Entitled to an Injunction as a Matter of Law ...................... 9

1. Counterclaimants' Remedies at Law are Sufficient ...................................................... 10

F. Backgrid's Fourth Claim for Declaratory Relief Should be Dismissed ........................ 11

G. Backgrid's Fifth Claim for Misrepresentation Should be Dismissed ........................... 11

III. CONCLUSION. ................................................................................................. 12

CERTIFICATE OF SERVICE ................................................................................. 13

# TABLE OF AUTHORITIES

Cases

*Alexander v. City of Chicago* (7th Cir. 1993) 994 F2d 333 ................................................. 1

*Blake v. Dierdorff*, 856 F.2d 1365 (9th Cir. 1988) ........................................................... 11

*Botts v. Kompany.com*, No. SACV 09-00195-JVS (ANx), 2013 U.S. Dist. LEXIS 198992 (C.D. Cal. Apr. 10, 2013) ................................................................................ 10

*Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, No. 11cv00673 AJB, 2013 WL 5719071 (S.D. Cal. Oct. 21, 2013) ......................................................................... 10

*Broderbund Software, Inc. v. Unison World*, 648 F. Supp. 1127 (N.D. Cal.1986) ............ 8

*Cavanaugh v. Looney*, 248 U.S. 453 (1919) ...................................................................... 9

*Cent. Delta Water Agency v. United States*, 306 F.3d 938 (9th Cir.2002) ........................ 2

*Chavez v. United States* (9th Cir. 2012) 683 F3d 1102 ..................................................... 1

*County of Los Angeles v. Davis*, 440 U.S. 625 (1979) .................................................... 10

*Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983 (9th Cir. 2009) .......................... 9

*eBay Inc. V. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ................................................ 9

*Exp. Dev. Can. v. E.S.E. Elecs.*, No. CV 16-02967- BRO (RAOx), 2017 U.S. Dist. LEXIS 143358 (C.D. Cal. Sep. 5, 2017) .................................................................... 8

*Ferencz v. Medlock*, 905 F.Supp.2d 656 (W.D. Pa. 2012) ................................................ 2

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir. 1987) .................... 8

*Greg Young Publishing, Inc. v. Zazzle, Inc.* (C.D. Cal., July 9, 2020, No. 216CV04587SVWKSX) 2020 WL 3871451 ..................................................... 9, 10

*Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV-15-01791-JVS-(DFMx), 2016 WL 9045621 (C.D. Cal. Jan. 28, 2016) ....................................... 11

*In re GlenFed, Inc. Sec. Litig.*,, 42 F.3d at 1548 42 F.3d 1541 (9th Cir. 1994) ............... 11

*In re Napster, Inc. Copyright Litigation*, 191 F. Supp. 2d 1087 (N.D. Cal. 2002) ........ 2, 3

*Intamin, Ltd. v. Magnetar Techs. Corp*, 623 F. Supp. 2d 1055 (C.D. Cal. 2009) .............. 8

*Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048 (N.D. Cal., June 28, 2013, No. C-11-06702 DMR) ..................................................... 3

*Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 54 S. Ct. 146, 78 L. Ed. 293, 1934 Dec. Comm'r Pat. 639 (1933) ............................................................. 7

*L-7 Designs, Inc. v. Old Navy*, LLC 647 F. 3d. 419 (2nd Cir. 2011) ................................ 2

*Levi Strauss & Co. v. Shilon*, 121 F.3d 1309 (9th Cir. 1997) .............................................. 8

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ................................................................................................................................ 2

*Massey v. Ojaniit* 759 F3d 343 (4th Cir. 2014) ................................................................. 2

*McCormick v. Cohn* (S.D. Cal., July 31, 1992, No. CV 90-0323 H) 1992 WL 687291 ........................................................................................................................... 7, 9

*Miller v. Indiana Hosp.* (WD PA 1983) 562 F.Supp. 1259 .............................................. 1

*Motta v. Samuel Weiser, Inc.*, 768 F.2d 481 (1st Cir. 1985) ............................................. 3

*Oracle USA, Inc v. Rimini St., Inc.*, 783 F. Appx. 707 (9th Cir. 2019) ............................. 9

*Perez v. Wells Fargo & Co.* (N.D. Cal. 2014) 75 F.Supp.3d 1184 ................................... 1

*Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347 (9th Cir. 1963) ............... 8, 9

*Roberts v. Babkiewicz,* 582 F. 3d 418 (2nd Cir. 2009) ..................................................... 2

*Stavrinides v. Vin Di Bona*, No. 2-18-CV-00314-CAS-(JPRx), 2018 WL 1311440 (C.D. Cal. Mar. 12, 2018) ............................................................................................. 11

*Straughter v. Raymond,* No. CV 08-2170 CAS (CWx), 2011 U.S. Dist. LEXIS 93068 (C.D. Cal. Aug. 19, 2011) ..................................................................................... 9

*Supermarket of Homes v. San Fernando Valley Bd.*, 786 F.2d 1400 (9th Cir.1986) ........ 9

*United States EEOC v. Abercrombie & Fitch Stores, Inc.*, 966 F. Supp. 2d 949 (C.D. Cal 2013) ............................................................................................................. 10

*Weingerger v. Romero-Barcelo*, 456 U.S. 305 (1982) ..................................................... 9

PTF'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST BACKGRID

# I. INTRODUCTORY STATEMENT

Backgrid's Counterclaims are basically a hodgepodge of copyright registrations combined with a splattering of images that don't bear any clear connection. The entire pleading style is solely intended to create confusion and make the claims hard to decipher, let alone defend against. Indeed, the only thing clear about Backgrid's Counterclaims is (1) Backgrid is angry at Paper Magazine and (2) Backgrid wants a lot of money. But this is not sufficient.

Underneath the noise, Backgrid must allege what Paper Magazine did wrong. Backgrid must allege what copyrights were owned and how they were infringed. Counterclaim-Defendant Paper Magazine ("Paper Magazine") is entitled to know because it must defend against Backgrid's claims.

A close examination of Backgrid's claims reveals that no effort was undertaken to state a viable claim for copyright infringement. Backgrid instead bases its claims on conclusory statements unconnected to the material attached to their pleading. For these reasons, detailed below and in the accompanying Compendium of Images, Backgrid's claims should be dismissed.

# II. ARGUMENT

### A. Legal Standards.

FRCP 12(c) provides a vehicle for summary dismissal on the merits, after the pleadings are closed but before trial, which "may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *Miller v. Indiana Hosp.* (WD PA 1983) 562 F.Supp. 1259, 1268; *Alexander v. City of Chicago* (7th Cir. 1993) 994 F2d 333, 336; *Perez v. Wells Fargo & Co.* (N.D. Cal. 2014) 75 F.Supp.3d 1184, 1187 (quoting text). As with a Rule 12(b)(6) motion, most courts have held that, to survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Chavez v. United States* (9th Cir. 2012) 683 F3d 1102, 1108-1109.

1. Unlike a Rule 12(b)(6) motion, the court may consider the answer in ruling on a Rule 12(c) motion. *Roberts v. Babkiewicz,* 582 F. 3d 418, 419 (2nd Cir. 2009); *Ferencz v. Medlock*, 905 F.Supp.2d 656, 663 (W.D. Pa. 2012). In resolving a Rule 12(c) motion, the court can consider (without converting the motion to a summary judgment) (a) the complaint and answer; (b) any documents attached to or mentioned in the pleadings; (c) documents not attached but "integral" to the claims; and (d) matters subject to judicial notice. *L-7 Designs, Inc. v. Old Navy*, LLC 647 F. 3d. 419, 422 (2nd Cir. 2011); *Massey v. Ojaniit* 759 F3d 343, 347-348 (4th Cir. 2014).

It is appropriate to address the question of standing in deciding a motion to dismiss because "[t]he elements of standing are 'an indispensable part of the plaintiff's case,' and accordingly must be supported at each stage of litigation in the same manner as any other essential element of the case." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir.2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

**B.   Backgrid's Allegations Fail to Establish Ownership of the Alleged Copyrights.**

The current iteration of the Counterclaims assert that Backgrid owns "19 timely registered photographs" cited in its Counterclaim. (Dkt. 53 at ¶ 10.) In fact, there are only eleven (11) copyright registrations attached as exhibits to Backgrid's Counterclaim, most of which are for compilations of photographs. (Dkt. 53-1 (Exhibit A-1). Due to the vague and oftentimes contradictory allegations in the operative complaint, Backgrid fails to allege in any clear way what images (if any) it owns.

"Backgrid, *or the previous owner of the works that later assigned all rights, title and interest to those works to Backgrid* filed for copyright registrations." (Dkt. 53 at ¶ 24)(emphasis added.) This vague allegation does not explain which images were registered by Backgrid, and which images were registered by a "previous owner." However, Backgrid is required to provide this information. *In re Napster, Inc. Copyright Litigation*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002)("A party that obtains ownership

through assignment of a previously-registered copyright bears the burden of proving his or her chain of title.")

While Backgrid broadly alleges that it is the owner of "all rights, title and interest" in all images at issue. (Dkt. 53 ¶ 23.) this is not evidently not true by examining their claims. Indeed, the very first image the assert they own is a photo of pop artist Rihanna ("Image 1") is actually registered to an entity called AKM-GSI Media, Inc. (Dkt. 53-1, Ex. A-1 at 6.) Backgrid does not explain how it came to own this image. However, Backgrid is required to provide this information. *In re Napster, Inc. Copyright Litigation*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002)("A party that obtains ownership through assignment of a previously-registered copyright bears the burden of proving his or her chain of title.")   Copyright interests cannot "be assumed based on the existence of copyright registrations in the names of third parties." *Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048, at *8 (N.D. Cal., June 28, 2013, No. C-11-06702 DMR) (plaintiff "must establish a proprietary right through the chain of title in order to support a valid claim to the copyright.") (citing *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481, 483 (1st Cir. 1985). No detail is provided in any respect about how Backgrid came to own any of the images at issue, which is especially troubling when they are examined more closely. For example, Image 1 shows a copyright credit to AKM-GSI on the bottom of the image itself. (Dkt. 53-7, Exs. B-1 at 21.)

Among the photos Backgrid alleges to have been infringed is an image of Queen Elizabeth edited onto Rihanna's body (Exhibit B-1, Dkt. 53-1 at Page ID #:862) ostensibly published on Paper Magazine's Twitter account, as seen below:

Case 2:20-cv-06298-JWH-E Document 89 Filed 03/05/21 Page 9 of 18 Page ID #:2147



(Dkt. 53-7 Ex. B-1 at 20.)

Image 1A is attached as an exhibit to the Counterclaims, shown as a screenshot of Paper Magazine's Twitter account, dated April 14, 2017. (Dkt. 53-7 Ex. B-1 at 20.). Backgrid is seeking $150,000 in statutory damages for the image of Queen Elizabeth, yet it remains unclear how they claim to own this image (See Dkt. 53-1 at ¶ 31, seeking $2,850,000 in damages for 19 infringed photographs, including Image 1A.)

**C. Backgrid's Pleadings Do Not Allege How Paper Magazine Infringed.**

Backgrid's pleadings fail to allege Counterclaim-Defendant published certain images (that were attached as exhibits to the Counterclaim), and fails to identify the location of the alleged infringing publication, the date of the alleged publication, and proof that Counter-Defendant actually published the images.

Image 1B of Rihanna is attached to the Counterclaim as an exhibit (*Id.* at Page ID #:864) as evidence of infringement, however, there is no citation to any source or explanation -- it is simply photo of Rihanna in red, as seen below:

4

PTF'S MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST BACKGRID

https://pbs.twimg.com/media/EQwFYuOXsAMpnhC.png

(Dkt. 53-7, Ex. B-1 at 22.)

Backgrid does not identify the location of Image 1B's alleged infringement (e.g., social media or website). Further, Backgrid does not indicate whether or how Counterclaim-Defendant published Image 1B. (Dkt. 53-7, Ex. B-1 at 22.) Indeed, the exhibit of Image 1B is merely a copy of a photograph of Rihanna in red, with no other identifying evidence such as the date of the alleged publication or the location of the alleged publication. (Dkt. 53-7, Ex. B-1 at 22.).

Many of Backgrid's images provided in Exhibit B-1 do not indicate how or where the screenshots were obtained by Backgrid, when the screenshots were obtained, or how or why the image was infringed. Further, Backgrid fails to allege the date of the alleged infringement of each image, and the date of discovery of the alleged infringement.

For example, Backgrid alleges copyright infringement of Image 3, which is side-by-side photos of celebrity models Elsa Hosk and Martha Hunt in swimsuits, as depicted below:



(Dkt. 53-7, Ex. B-1 at 4.)

Image 3 includes two separate photographs, that were combined together into one image, apparently obtained from the Twitter account of @socialmediavsreality (which Counterclaim-Defendants is not alleged to own or control). Based on Backgrid's screenshot alleged in the Counterclaim, Image 3 was published by a third-party Twitter account, as seen by the credit stamped on the image itself. However, there is no allegation regarding Counter-Defendant with respect to Image 3. Backgrid does not identify the source of Image 3, nor do they provide any allegation that would be sufficient to inform Counterclaim-Defendant as to how it infringed, or whether, when, or how it published Image 3 at all. (See generally, Dkt. 53.)

Backgrid must allege the very basics as to the specific registration for each image alleged in the Counterclaim, including the chain of title for the images that were assigned, the date and location where infringement allegedly occurred, and the dates of publication and discovery of the alleged infringement. Backgrid seeks **$2,850,000** in

damages, yet cannot allege basic facts surrounding the ownership or infringement of the images at issue. (Dkt. 53-1 at ¶ 31.)

Certain images, including Images 3, 7, and 12, were obtained from a different website altogether, namely at the url: <assets.rbl.ms>. (See, Dkt. 53-7 at Page ID #:894, 895, 896.) Backgrid fails to adequately alleged that Counterclaim-Defendant infringed any of these images, or even that Counterclaim-Defendant posted these images.

Backgrid's Counterclaims also do not allege a crucial element to copyright infringement -- the dates of alleged infringement, which is necessary so that Counterclaim-Defendant can determine who was the rightful owner at the time infringement is alleged (and determine damages that can be recovered). While some of the images in Exhibit B-2 have arbitrary dates stamped on the image itself, it is unclear whether those dates identify the date of Backgrid's discovery of the photo, or the date of Paper's alleged infringing publication of the photo. Counterclaim-Defendants should not be forced to guess at what is being alleged..

### D. The Counterclaims Should be Dismissed Because of Counterclaimants' Unclean Hands.

The equitable defense of unclean hands applies in copyright cases to prevent a plaintiff from gaining equitable relief, such as a permanent injunction. *McCormick v. Cohn* (S.D. Cal., July 31, 1992, No. CV 90-0323 H) 1992 WL 687291, at *3, aff'd (9th Cir. 1994) 17 F.3d 395.

To prove unclean hands, two things are required. First, a defendant must prove the plaintiff engaged in inequitable conduct and, second, that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant. See, e.g., *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S. Ct. 146, 78 L. Ed. 293, 1934 Dec. Comm'r Pat. 639 (1933) ("[Courts of equity] apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation."); *Exp. Dev. Can. v. E.S.E. Elecs.*, No. CV 16-02967- BRO (RAOx), 2017 U.S. Dist. LEXIS

143358, at *48-49 (C.D. Cal. Sep. 5, 2017); *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1313 (9th Cir. 1997) ("In its claim for equitable relief, 'the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987))(For the plaintiff's inequitable conduct to "relate" to the subject matter at issue in the plaintiff's claims, the plaintiff must have "acted fairly and without fraud or deceit as to the controversy in issue."); *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 349 (9th Cir. 1963) ("[M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands.").

Here, Counterclaimants should not be allowed to proceed with their claims for copyright infringement because of their attempts to take down Paper Magazine's Instagram account through DMCA notices before informing Paper Magazine that any legal claim existed.

Each DMCA Notice sent on behalf of Counterclaimants contained the following statement:

> PLEASE NOTE we've already sent [___] takedown notifications for the account in question: papermagazine. The Instagram Terms of Use clearly state: "If you repeatedly infringe other people's intellectual property rights, we will disable your account when appropriate." Thus, ***we strongly urge you to disable this account immediately.***
> (Dkt. 53-13 at pages 943, 946, 951, 953, 956, 959, 962, 965, 968, 971, 973, 975, 977, 979, 981, and 988.)(emphasis added)

Only after Paper Magazine's Instagram account was taken down did Counterclaimants first inform Paper Magazine about any copyright claims causing a direct injury to Paper Magazine required for unclean hands. *Intamin, Ltd. v. Magnetar Techs. Corp*, 623 F. Supp. 2d 1055, 1075 (C.D. Cal. 2009); See e.g., *Broderbund Software, Inc. v. Unison World*, 648 F. Supp. 1127, 1138 (N.D. Cal.1986). The court, however, may consider the harm to the public interest.

*Republic Molding*, 319 F.2d at 349-50; *McCormick*, 1992 U.S. Dist. LEXIS 21187, 1992 WL 687291, at *4; *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 990-91 (9th Cir. 2009) (Unclean hands applicable when Plaintiff is "misrepresenting the scope of his copyright to the court and opposing party."); *Straughter v. Raymond,* No. CV 08-2170 CAS (CWx), 2011 U.S. Dist. LEXIS 93068, at *11-12 (C.D. Cal. Aug. 19, 2011).

As detailed below, Backgrid should be precluded from injunctive relief as a matter of law. The equitable defense of unclean hands applies in copyright cases to prevent a plaintiff from gaining equitable relief, such as a permanent injunction. *Supermarket of Homes v. San Fernando Valley Bd.*, 786 F.2d 1400, 1408 (9th Cir.1986).

### E.     Counterclaimants Are Not Entitled to an Injunction as a Matter of Law.

An injunction should only be granted when it is essential to protect against irremediable injury. *Weingerger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). In order to establish that they are entitled to a permanent injunction, a plaintiff must meet their burden with the respect to a four-part test. Plaintiffs "must demonstrate: (1) that [they have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Greg Young Publishing, Inc. v. Zazzle, Inc.* (C.D. Cal., July 9, 2020, No. 216CV04587SVWKSX) 2020 WL 3871451, at *2–3 citing *eBay Inc. V. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). *see generally Oracle USA, Inc v. Rimini St., Inc.*, 783 F. Appx. 707 (9th Cir. 2019) (applying the eBay factors in a copyright infringement case and

A plaintiff may not establish irreparable harm based on conclusory assertions of loss of reputation stemming from a small number of sales. *Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, No. 11cv00673 AJB, 2013 WL 5719071, at *4 (S.D. Cal. Oct. 21,

2013); *Greg Young Publishing, Inc. v. Zazzle, Inc.* (C.D. Cal., July 9, 2020, No. 216CV04587SVWKSX) 2020 WL 3871451, at *3, but Backgrid has not even alleged this.

Rather, here, the Counterclaim concedes that "Instagram took down the Infringements," and that "Instagram took the additional step of terminating or suspending EntTech's Paper Magazine Account." (Dkt. 53 at ¶ 18.) Counterclaimants also allege that "EntTech's Paper Magazine Instagram Account was rightfully terminated by Instagram." (*Id.* at ¶ 54.)

Since the account is terminated, there is nothing to enjoin and Counterclaimants' request for injunctive relief is moot. *United States EEOC v. Abercrombie & Fitch Stores, Inc.*, 966 F. Supp. 2d 949, 967 (C.D. Cal 2013) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) ("[A]n injunction may be unnecessary where there is no reasonable expectation that the alleged violation will recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'"); *Botts v. Kompany.com*, No. SACV 09-00195-JVS (ANx), 2013 U.S. Dist. LEXIS 198992, at *12-13 (C.D. Cal. Apr. 10, 2013) (injunctive relief unavailable when there is "no clear threat of a future violation that justifies a permanent injunction.")

Any claim that Backgrid will suffer irreparable harm is rebutted by its own conduct in other cases involving the same images at issue here.

### 1. Counterclaimants' Remedies at Law are Sufficient.

Counterclaimants have sued numerous other parties for the same images that are at issue here. In none of these cases have any of the Counterclaimants sought, let alone obtained an injunction, even when they have had the opportunity to do so. In publicly available settlements, Counterclaimants only obtained money in exchange for the alleged infringement. For example, in *Backgrid USA, Inc. v. Sessoms,* C.D. Cal. Case No. 2:19-cv-03540-AB-MRW (2020), Backgrid alleged the very same "irreparable harm" it alleges here. (RJN Ex. 1 at ¶ 32.) In *Sessoms*, Backgrid "caused at least 15 DMCA notifications to be sent to Instagram with respect to the Celebrity Photographs." (RJN

Ex. 1 at ¶ 32.) Backgrid alleged that Defendant infringed on eighteen registered images, including one of the very same images at issue in this case, namely, "Rihanna has her Heart on her Sleeve!" allegedly registered in 2016 by AKM-GSI. (RJN Ex. 2), Dkt 1-1 at Page ID:12)(Exhibit B to Sessoms Complaint, Dkt 1-2 at page ID: 37). Backgrid entered a stipulated judgment for a $90,000 payment. (RJN Ex. 3.) Importantly, Backgrid did not seek any injunctive relief as part of the stipulated judgment in the *Sessoms* case. *Id*. It does not follow that, for the exact same picture, monetary relief was sufficient for Backgrid in one case and not in a concurrent case.

Accordingly, the Counterclaim's request for injunctive relief should be stricken.

### F. Backgrid's Fourth Claim for Declaratory Relief Should be Dismissed.

Backgrid's claim for declaratory relief should be dismissed because it seeks the same relief as its claim for copyright infringement. *Stavrinides v. Vin Di Bona*, No. 2-18-CV-00314-CAS-(JPRx), 2018 WL 1311440, at *6 (C.D. Cal. Mar. 12, 2018) (dismissing a claim for declaratory relief "[b]ecause these rights [in the declaratory relief claim] would necessarily be determined through the adjudication of plaintiffs' copyright infringement claim, [so] declaratory relief is duplicative and unnecessary."); *Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV-15-01791-JVS-(DFMx), 2016 WL 9045621, at *8 (C.D. Cal. Jan. 28, 2016) ("When the issues invoked in a request for declaratory relief already were fully engaged by other causes of action ... then declaratory relief is unnecessary and superfluous and must be dismissed.") (citation and internal quotation marks omitted).

### G. Backgrid's Fifth Claim for Misrepresentation Should be Dismissed.

Backgrid's fifth claim alleges "misrepresentation" regarding DMCA counter notifications, however Backgrid does not explain the who, what, where, and when of any misrepresentation, and otherwise fails to plead "particularized allegations of the circumstances constituting fraud." *In re GlenFed, Inc. Sec. Litig.*,, 42 F.3d at 1548 42 F.3d 1541 (9th Cir. 1994); see also *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) (plaintiffs must allege statements and "the reasons for their falsity").

Backgrid does not detail any specific misrepresentation in its operative Complaint whatsoever, citing only Exhibit C to the Counterclaim (Dkt. 53 at ¶ 59.) However, Backgrid makes no attempt to state what, exactly amounted to a misrepresentation. Accordingly, Backgrid's fifth claim should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Backgrid's counterclaims and request for injunctive relief should be dismissed, and final judgment should be entered on those counts.

DATED: March 5, 2021　　　　　　　　TAULER SMITH LLP

　　　　　　　　　　　　　　　　　By:　/s/ *Robert Tauler*
　　　　　　　　　　　　　　　　　　　Robert Tauler

　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　ENTTech Media Group LLC

# CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2021, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: March 5, 2021                TAULER SMITH LLP


By: /s/ *Robert Tauler*
    Robert Tauler

Attorneys for Plaintiff
ENTTech Media Group LLC