Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

David Quinto (Bar No. 106232)
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:    (310) 943-2085

Attorneys for Defendants/Counterclaimants
Backgrid USA, Inc., Splash News and
Picture Agency, LLC, and Xposure Photo
Agency, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC,<br><br>      Plaintiffs,<br><br>   v.<br><br>OKULARITY, INC.; JON NICOLINI; BACKGRID USA, INC.; SPLASH NEWS AND PICTURE AGENCY, LLC; AND XPOSURE PHOTO AGENCY, INC.<br><br>      Defendants.<br><br>OKULARITY, INC.; JON NICOLINI; BACKGRID USA, INC.; SPLASH NEWS AND PICTURE AGENCY, LLC; AND XPOSURE PHOTO AGENCY, INC.<br><br>      Counterclaimants,<br><br>   v. | Case No.: 2:20-cv-06298 JWH (Ex)<br>Hon. John W. Holcomb<br><br>**ANSWER TO ENTTECH'S THIRD AMENDED COMPLAINT BY BACKGRID USA, INC. AND XPOSURE PHOTO AGENCY, INC. AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT** |

---

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

1

ENTTECH MEDIA GROUP LLC,

2

Counterdefendants.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendants Backgrid USA, Inc. and Xposure Photo Agency, Inc. by and through their counsel, state the following Answer and Counterclaims in response to Plaintiff EntTech Media Group LLC's second motion to dismiss:

## THE PARTIES

1.     On information and belief, Plaintiff EntTech Media Group LLC is a Delaware limited liability company with a primary place of business in New York, New York.

2.     Admit.

3.     Admit.

4.     Admit.

5.     On information and belief, Splash News and Picture Agency, LLC is a Nevada limited liability company with its primary place of business in Los Angeles, California.

6.     Admit.

7.     The allegations in this paragraph do not require a response. To the extent the allegations are construed to allege any facts, they are denied.

8.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

## JURISDICTION

9.     Backgrid and Xposure admit that the Court has jurisdiction over this dispute, but deny that the claims alleged herein amount to a claim. Backgrid and Xposure deny that the Court has jurisdiction under the Racketeer Influenced and Corrupt Organizations Act.

10.     Backgrid and Xposure admit that the Court has personal jurisdiction over the Backgrid and Xposure.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

11.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 11, and on that basis denies the same.

12.     Denied.

13.     Backgrid and Xposure admit that the DMCA provides procedures so that copyright owners can protect the widespread proliferation of their content digitally. Backgrid and Xposure admit that a DMCA Notice requires a statement under penalty of perjury as described in 17 U.S.C. § 512.  Backgrid and Xposure deny that a "scheme" exists, including one that "operates in the shadows of the Copyright Act and the DMCA."

14.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 14, and on that basis denies the same.

15.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations whether "would-be claimants have leveraged advances in technology to create economies of scale in pursuing claims" and on that basis denies the same. Based on information and belief, Backgrid and Xposure deny the remaining allegations of this Paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

## PLAINTIFF PAPER MAGAZINE

19.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 19, and on that basis denies the same.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

20.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 20, and on that basis denies the same.

21.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 21, and on that basis denies the same.

22.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 22, and on that basis denies the same.

23.     Denied.

24.     Denied.

25.     Backgrid admits it was sued for copyright infringement, but denied and denies liability or any wrongdoing.  The remaining allegations in paragraph 25 are denied.

26.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 26, and on that basis denies the same.

27.     Denied.

28.     Denied.

**Okularity's Conduct Against Paper**

29.     Backgrid and Xposure deny that Okularity filed 48 DMCA takedown notices against Paper Magazine. Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the remaining allegations in paragraph 29, and on that basis denies the same.

30.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 30, and on that basis denies the same.

5

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

31.     Backgrid and Xposure admit that Nicolini conveyed to ENTtech, on behalf of the Photo Agencies, a demand of $1.01 million.

32.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitely confirm the true or complete accuracy regarding Nicolini. The remaining allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

33.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 33, and on that basis denies the same.

34.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 34, and on that basis denies the same.

<u>**COUNT ONE**</u>

**(VIOLATION OF DMCA § 512(f))**

35.     This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Backgrid and Xposure deny them.

36.     The allegations in this paragraph are legal arguments and/or conclusions, therefore, no response is required. To the extent that this paragraph contains factual allegations, Backgrid and Xposure deny them.

37.     Denied.

38.     Backgrid and Xposure deny that they made any misrepresentations. Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the remaining allegations in paragraph 38, and on that basis denies the same.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

39.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 39, and on that basis denies the same.

40.     Denied.

41.     Backgrid and Xposure lack knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the whether a demand letter was sent after the account was disabled, and on that basis denies the same. Backgrid and Xposure deny the remaining allegations.

42.     Denied.

43.     The allegations in this paragraph are legal arguments and/or conclusions, therefore, no response is required. To the extent that this paragraph contains factual allegations, Backgrid and Xposure deny them.

## <u>COUNT TWO</u>

### (Violation of RICO)

44.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

45.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

46.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

47.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

48.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

49.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

50.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

51.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

52.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

53.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

54.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

55.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

56.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

57.     The Court's March 10, 2021 Order dismissed the RICO claim; no response is necessary.

### PRAYER FOR RELIEF

58.     Backgrid and Xposure deny that Plaintiff is entitled to anything by way of this Complaint.

59.     Backgrid and Xposure pray that the Court award Backgrid and Xposure their attorneys' fees and costs.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, Backgrid and Xposure assert the following affirmative defenses to Plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each of its claims for relief, fails to state a claim against Backgrid and Xposure upon which relief can be granted.

8

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff, for all of the reasons explained in the counterclaimed alleged herein, acted with unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff, by reason of the knowledge, statements and conduct of its agents and employees, has waived any rights which it may have for any acts alleged in its complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, by reason of the knowledge, statements and conduct of its agents and employees, are estopped to complain of any act or omission on the part of Backgrid and Xposure .

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and its agents and employees have heretofore consented to all of the acts or omissions on the part of these answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Contributory Conduct)

Plaintiff is at least in part liable through its own conduct for causing or exacerbating some of the harm and damages of which it complains. Any recovery against Defendants should be barred or reduced propositionally by such contributory negligence or fault.

## SEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Every act taken by Backgrid and Xposure was protected by the First Amendment.

9

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

1

## EIGHTH AFFIRMATIVE DEFENSE

2

### (Mitigation)

3
Plaintiff has failed, refused, and neglected to take reasonable steps to mitigate

4
its alleged damages, if any, thus barring or diminishing Plaintiff's recovery therein.

5

## NINTH AFFIRMATIVE DEFENSE

6

### (Rule 11/Bad Faith)

7
The Complaint constitutes a bad faith action which is totally and completely

8
without merit and/or done solely for the purpose of harassing Backgrid and Xposure

9
. Accordingly. pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff

10
and/or its attorneys should be liable for Backgrid and Xposure ' attorneys' fees and

11
reasonable expenses incurred in the defense of this Complaint.

12

## TENTH AFFIRMATIVE DEFENSE

13

### (Public Policy)

14
The Complaint and the allegations therein undermine important public

15
policies, including by discouraging settlement discussions.

16

## ELEVENTH AFFIRMATIVE DEFENSE

17

### (Fault of Another)

18
The Complaint is barred, in whole or in part, because any damages allegedly

19
suffered by Plaintiff was either wholly or in part the fault of other entities (including

20
the Plaintiff).

21

## TWELFTH AFFIRMATIVE DEFENSE

22

### (Reservation)

23
Backgrid and Xposure reserve the right to amend their answer to include

24
additional affirmative defenses.

25

## COUNTERCLAIMS

26
1.      Backgrid USA, Inc. and Xposure Photo Agency, Inc. bring these

27
Counterclaims against EntTech Media Group, LLC and reserves the right to add or

28
amend the Counterclaims based on further investigation and discovery.  By and

10

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

through their counsel, Backgrid and Xposure state the following Counterclaims in response to Plaintiff/Counter-defendant EntTech Media Group LLC's Complaint.

## JURISDICTION AND VENUE

2.      This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., for Declaratory Relief under 27 U.S.C. § 2201, and misrepresentation under 17 U.S.C. § 512(f).  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the counter-defendants and their agents reside and may be found in this judicial district, and the injury suffered by Backgrid and Xposure took place in this judicial district.  For example, on information and belief, counter-defendant employs editors and writers who reside in Los Angeles, California. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.  Moreover, these counterclaims were found to be related to the complaint filed by EntTech in this litigation. *See Backgrid v. Enttech.* 20-6803-RSWL-RAOx (Dkt. 32).

## PARTIES

4.      Counterclaimant Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

5.      Counterclaimant Xposure Photo Agency, Inc. ("Xposure") is a California corporation with its principal place of business in Beverly Hills, California.

6.      On information and belief, Counter-Defendant EntTech Media Group LLC ("EntTech" or "Counter-Defendant") is a Delaware limited liability company, with its principal place of business in New York, New York.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

7.     The true names or capacities, whether individual, corporate or otherwise, of the parties named herein as Does 1 through 10, inclusive, are unknown to Backgrid and Xposure, who therefore sue said parties by such fictitious names. Backgrid and Xposure will ask for leave of Court to amend this Complaint and insert the true names and capacities of said Does when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *Backgrid and Xposure and the Photographs that Frame this Dispute*

8.     Backgrid and Xposure are Hollywood's largest celebrity-photograph agencies that regularly license celebrity-driven content to top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world.  Each license has been granted for valuable consideration of up to hundreds of thousands of dollars.

9.     Among many other in-demand photographs, Backgrid and Xposure respectively own the coveted celebrity photographs at issue in this litigation, among many more (hereinafter the "Agency Photographs").  Backgrid owns at least 19 timely registered photographs ("Backgrid Timely Registered Photographs") and Xposure owns at least 1 timely registered photograph ("Xposure Timely Registered Photograph") that have been infringed by Counter-Defendant and are at issue in this litigation.  In addition, EntTech has infringed registered photos which are owned by each respective Agency. *See* Exhibit A-4 ("Backgrid Photographs"), A-6 ("Xposure Photographs") (Exhibit A-5 purposely omitted).

10.     Backgrid and Xposure filed for copyright registration of their respective Agency Photographs within 90 days of their first publication with the United States Copyright Office.  The Copyright registration information for the timely registered photographs is attached as Exhibit A-1 (Backgrid) and A-3 (Xposure) (Exhibit A-2 purposely omitted). The Copyright registration information for the other registered photographs is attached as Exhibit A-4 (Backgrid) and A-6 (Xposure).

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

### *Counter-Defendant and Its Willful Infringing Activity*

11.     Counter-Defendant EntTech touts itself as an "entertainment technology ecosystem that leverages creative content, social amplification and proprietary data to deliver shareable entertainment to a diverse group of audiences." Among its properties is *Paper Magazine*, a fashion and celebrity driven magazine that, on information and belief, makes huge profits showcasing celebrity content. On information and belief, EntTech uses and/or has used social media, such as Instagram and Twitter, to promote its magazine and engage with potential readers.

12.     Despite being a sophisticated publisher of content, EntTech is a repeat and notorious infringer of copyright.  EntTech has regularly relied on third party content, including the content of Backgrid and Xposure, to attract traffic to its social media accounts without license or permission from Backgrid and Xposure . EntTech has been sued a number of times for copyright infringement, and, as such, is aware of the basic strictures of copyright law and need to license the content from which it handsomely profits. *See e.g. Polaris Images Corporation v. EntTech Media Group, LLC,* 1:19-cv-08208-KPF (S.D.N.Y), *Hirsch v. EntTech Media Group LLC*, 1:19-cv-07031-AT (S.D.N.Y), *Schwartzwald v. EntTech Media Group,* 1:19-cv-05505-JPO (S.D.N.Y).

13.     EntTech has reproduced, distributed, displayed, and created unauthorized derivative works of the timely registered Agency Photographs on its Social Media accounts and/or its Website without consent or license, as shown in Exhibit B-1 (Infringements of Backgrid Timely Registered Photographs) and Exhibit B-3 (Infringements of Xposure Timely Registered Photograph).  It also infringed other registered photographs on its Social Media Accounts, as shown in Exhibit B-4 (Infringements of Backgrid Photographs) and B-6 (Infringements of Xposure Photographs).

14.     EntTech has violated federal law by willfully infringing at least 20 timely registered photographs on, at least, EntTech's social media accounts and/or

13

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

1  its Website.  In addition, EntTech has violated federal law by willfully infringing

2  additional registered photographs on its social media accounts. *See* Exhibits B-4, B-

3  6.

4      15.    EntTech has induced, caused, or materially contributed to the

5  reproduction, distribution and public display of the Agency Photographs, and

6  derivatives thereof, all the while knowing or having reason to know that the

7  infringing images on its website and/or social media accounts were being used

8  without permission, consent, or license.

9      16.    On information and belief, at all times relevant to this dispute, EntTech

10  has owned, operated, and/or controlled its website and its social media accounts and

11  has financially benefited by displaying and reproducing the Agency Photographs

12  thereto.  On information and belief, EntTech has driven significant traffic to its

13  website and social media accounts through the unauthorized use of the Agency

14  Photographs, and, thereby increased its revenues through the presence of the sought-

15  after and searched-for Agency Photographs that frame this dispute.  Such traffic

16  translated into a substantial ill-gotten commercial advantage and increased brand

17  awareness as a direct consequence of the infringements.

18  ***Backgrid and Xposure Attempted to Minimize Their Harm by Issuing DMCA***

19  ***Notices***

20      17.    Due to the damage caused by EntTech, Backgrid and Xposure acted to

21  minimize the ongoing harm caused by the infringements.  Among other things,

22  Backgrid and Xposure caused certain Digital Millennium Copyright Act ("DMCA")

23  Takedown Notices to be property issued to Instagram, the service provider hosting

24  the images uploaded by EntTech.  *See* Exhibit C. Instagram took down the

25  infringements as required to keep its safe harbor protection under 17 U.S.C. § 512.

26  Instagram took the additional step of terminating or suspending EntTech's Paper

27  Magazine account, presumably because Paper Magazine violated Instagram's repeat

28

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

infringer policy, the enforcement of which is a threshold requirement under Section 512(i).

18.     On or around July 15, 2020, Instagram reported that EntTech had filed DMCA counter-notifications.  The counter-notifications represented, under penalty of perjury, that the declarant, EntTech's lawyer, had "a good faith belief that the material in question was removed or disabled as a result of mistake or misidentification." *See* Exhibit C.

19.     The infringements were removed and disabled because they were unlawful copies, not because of a mistake or misidentification.  Tacitly acknowledging that EntTech indeed engaged in infringement and wanting to avoid the suspension of its Twitter account, EntTech took down the Photo Agency infringements residing on its Twitter account after receiving notice from Counterclaimants regarding the same.

20.     But unhappy that its Instagram account had been flagged as a "repeat infringer" by Instagram, EntTech filed suit against Backgrid and Xposure for among other things, RICO and tortious interference with protective economic advantage. EntTech has since dropped its state law claims and the Court ordered that the RICO claim be dismissed with prejudice.  Of course, all of Backgrid and Xposure's actions were lawful and expressly prescribed by the DMCA.

## FIRST CLAIM FOR RELIEF

### (Backgrid's Claim for Copyright Infringement, 17 U.S.C. § 501)

21.     Backgrid incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Backgrid Timely Registered Photographs that frame this dispute, which substantially consist of material that is wholly original copyrightable subject matter under the laws of the United States.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

23.     Backgrid, or the previous owner of the works that later assigned all rights, title and interest to those works to Backgrid, filed for copyright registration of the Backgrid Timely Registered Photographs with the United States Copyright Office within 90 days of their first publication.

24.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Backgrid Timely Registered Photographs for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq.*

25.     All of the Counter-Defendant's acts are and were performed without permission, license, or consent of Backgrid.

26.     Backgrid has identified at least 19 instances of infringement by way of unlawful reproduction and display of the Backgrid Timely Registered Photographs.

27.     As a result of the acts of Counter-Defendant as alleged herein, Backgrid has suffered substantial economic damage.

28.     EntTech has willfully infringed, and unless enjoined will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing Backgrid's photographs by, among other things, virtue of EntTech's encouragement of the infringement and financial benefit it receives from infringement of Backgrid's copyrights.

29.     Defendant's wrongful acts have caused, and are causing, injury to Backgrid, which injury cannot be accurately computed. Unless this Court restrains Counter-Defendant from further commission of said acts, Backgrid will suffer irreparable injury for which it is without an adequate remedy at law. Accordingly, Backgrid seeks a declaration that Counter-Defendant is infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Counter-Defendant from any further infringement.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

30.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 2,850,000 in statutory damages for the at-least 19 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Xposure's Claim for Copyright Infringement, 17 U.S.C. § 501)

31.     Xposure incorporates here by reference the allegations in paragraphs 1 through 20 above.

32.     Xposure is the owner of all rights, title, and interest in the copyrights of the Xposure Timely Registered Photograph that frames this dispute, which substantially consists of material that is wholly original copyrightable subject matter under the laws of the United States.

33.     Xposure filed for copyright registration of the Xposure Timely Registered Photograph with the United States Copyright Office within 90 days of its first publication.

34.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Xposure's copyright by reproducing, displaying, distributing, and utilizing the Xposure Timely Registered Photograph for purposes of trade in violation of 17 U.S.C. §§ 501 *et seq.*

35.     All the Counter-Defendant's acts are and were performed without permission, license, or consent of Xposure.

36.     Xposure has identified at least one instance of infringement by way of unlawful reproduction and display of the Xposure Timely Registered Photograph.

37.     As a result of the acts of Counter-Defendant's as alleged herein, Xposure has suffered substantial economic damage.

38.     EntTech has willfully infringed, and unless enjoined will continue to infringe, Xposure's copyrights by knowingly reproducing, displaying, distributing, and utilizing Xposure's photographs by, among other things, virtue of EntTech's

17

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

1    encouragement of the infringement and financial benefit it receives from the
2    infringement of Xposure's copyrights.

3        39.    Defendant's wrongful acts have caused, and are causing, injury to
4    Xposure, which injury cannot be accurately computed. Unless this Court restrains
5    Counter-Defendant from further commission of said acts, Xposure will suffer
6    irreparable injury for which it is without an adequate remedy at law. Accordingly,
7    Xposure seeks a declaration that Counter-Defendant is infringing Xposure's
8    copyrights and an order under 17 U.S.C. § 502 enjoining Counter-Defendant from
9    any further infringement.

10       40.    The above-documented infringements alone would entitle Xposure to a
11   potential award of up to $150,000 in statutory damages for at-least one infringed
12   photograph, in addition to its attorney's fees.

13                       **FOURTH CLAIM FOR RELIEF**
14              **(Declaratory Relief Under 17 U.S.C. § 512(g))**

15       41.    Counterclaimants incorporate here by reference the allegations in
16   paragraphs 1 through 40 above.

17       42.    An actual controversy exists as to whether EntTech is entitled to post
18   certain Agency Photographs on its Instagram account without the respective Photo
19   Agency-consent.

20       43.    Backgrid and Xposure herein allege that EntTech is not entitled to
21   infringe its photographs and that EntTech's Paper Magazine Instagram Account was
22   rightfully terminated by Instagram.  As such, Backgrid and Xposure are entitled to
23   an order enjoining EntTech from infringing their photographs on Instagram and its
24   parent company, Facebook.

25       44.    By submitting the DMCA counter-notifications, EntTech knowingly
26   and materially mispresented that the Agency Photographs which it had caused to be
27   uploaded to the Instagram Account were taken down as a result of mistake or
28   misidentification.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

45.    Defendants' violation of 17 U.S.C. §§ 512(g), et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Counterclaimants not fully compensable in monetary damages.  Counterclaimants are entitled to a preliminary and permanent injunction enjoining Counter-Defendant from further such violations.

**FIFTH CLAIM FOR RELIEF**

**(Misrepresentation under 17 U.S.C. § 512(f)**)

46.    Counterclaimants incorporate here by reference the allegations in paragraphs 1 through 45 above.

47.    EntTech infringed the certain Agency Photographs on its Instagram Account.

48.    In its counter-notifications to Instagram, EntTech knowingly and materially misrepresented that the Agency Photographs which it had caused to be uploaded to Instagram were removed or disabled as a result of a mistake or misidentification. *See* Exhibit C.  On information and belief, EntTech made this representation with actual knowledge that it was false and did so because after making this false representation Instagram would be required to reinstate EntTech's Instagram account and its infringing posts if Counterclaimants did not timely file suit.

49.    As a direct and proximate result of EntTech's false representation to Instagram, Counterclaimant have been damaged, including for costs and attorneys' fees, and will be further damaged if the Photographs are reinstated.  *See* 17 U.S.C. § 512(f)(2). Counterclaimant are entitled to a judgment enjoining EntTech from infringing the Agency Photographs, including on Instagram.

**PRAYER FOR RELIEF**

WHEREFORE, Backgrid and Xposure pray for judgment against Counter-Defendant as follows:

19

---

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

1.     That Counter-Defendant and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all the Agency Photographs, including on Instagram and Facebook;

2.     That pursuant to 17 U.S.C. § 504 (a)(1) & (b) an accounting be made of all profits, income, receipts or other benefit derived by Counter-Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Backgrid and Xposures' copyrights;

3.     Pursuant to under 17 U.S.C. § 504 (a)(1) & (b) for actual damages and disgorgement of all profits derived by Counter-Defendant from their acts of copyright infringement, and for all damages suffered by Backgrid and Xposure by reasons of Counter-Defendant's acts;

5.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.     For damages incurred as a result of Counter-Defendant's misrepresentation on its counternotifications pursuant to 17 U.S.C. § 512(f);

6.     For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505, 17 U.S.C. § 512(f);

7.     For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505, 17 U.S.C. § 512(f); and

/ /

/ /

/ / /

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

8.    For any such other and further relief as the Court may deem just and appropriate.


Dated:  March 24, 2021                    **ONE LLP**

                                          By:  /s/ Joanna Ardalan
                                               Joanna Ardalan
                                               Peter R. Afrasiabi
                                               David Quinto

                                               Attorneys for Counterclaimants
                                               Backgrid USA, Inc.; Splash News and
                                               Picture Agency, LLC, Xposure Photo
                                               Agency, Inc.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**

## **DEMAND FOR JURY TRIAL**

Counterclaimants Backgrid USA, Inc., and Xposure Photo Agency, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated:  March 24, 2021                    **ONE LLP**

By:  /s/ Joanna Ardalan
     Joanna Ardalan
     Peter R. Afrasiabi
     David Quinto

     Attorneys for Counterclaimants
     Backgrid USA, Inc.; Splash News and
     Picture Agency, LLC, Xposure Photo
     Agency, Inc.

**BACKGRID AND XPOSURE ANSWER TO COMPLAINT AND COUNTERCLAIMS**