Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
Matthew P. Kelly (SBN 224297)
matt@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071
Telephone: (213) 426-2137

Attorneys for Defendants
OKULARITY, INC. and JON NICOLINI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC, | Case No. 2:20-cv-06298 JWH (Ex) |
| *Plaintiff*, | *Hon. John W. Holcomb* |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES TO THE THIRD AMENDED COMPLAINT** |
| OKULARITY, INC. et al., | |
| *Defendants*. | DEMAND FOR JURY TRIAL |

Defendants Jon Nicolini and Okularity Inc. ("Answering Defendants"), for themselves and no other party, respond to the Third Amended Complaint of ENTTech Media Group LLC as follows:

## ANSWER

### As to the Parties

1.      Answering Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 1.

2.      Answering Defendants admit the allegations in paragraph 2.

3.      Answering Defendants admit the allegations in paragraph 3.

4.      Paragraph 4 does not contain any factual allegations against Answering Defendants and therefore requires no response.

5.      Paragraph 5 does not contain any factual allegations against Answering Defendants and therefore requires no response.

1

6.      Paragraph 6 does not contain any factual allegations against Answering Defendants and therefore requires no response.

7.      Paragraph 7 does not contain any factual allegations against Answering Defendants and therefore requires no response.

8.      Paragraph 8 does not contain any factual allegations against Answering Defendants and therefore requires no response.

**As to Jurisdiction**

9.      The Court's March 10, 2021 Order dismissed the claim brought under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c) and (d); therefore, allegations related to such claim require no response. Answering Defendants admit that the Court has subject-matter jurisdiction over the remaining claim.

10.     Answering Defendants admit that the Court has personal jurisdiction over them. The remaining portions of Paragraph 10 do not contain factual allegations against Answering Defendants and therefore require no additional response.

11.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 11 require no response.

**As to the Allegations Common to All Causes of Action**

12.     Answering Defendants deny the allegations in paragraph 12.

13.     Answering Defendants admit that the Digital Millennium Copyright Act ("DMCA") contains tools for copyright owners to employ in addressing unauthorized uses of copyrighted material on websites; that those tools include a procedure known as a DMCA takedown notice; and that the statute sets forth requirements that govern the content of such takedown notices, including a statement made under penalty of perjury. Except as expressly admitted, Answering Defendants deny the allegations in paragraph 13.

14.     Answering Defendants admit that Instagram has posted a Repeat Infringer Policy at https://www.facebook.com/help/instagram/1586774981367195.

2

1    Except as expressly admitted, Answering Defendants deny the allegations in

2    paragraph 14, and specifically deny the alleged details of Instagram policies, which

3    are not within Answering Defendants' knowledge.

4         15.    Answering Defendants admit that they have developed proprietary

5    software that is designed to find still images on the World Wide Web; that

6    Okularity's systems automatically generate draft DMCA takedown notices for

7    unauthorized uses of still images found on Instagram and some other websites; and

8    that Nicolini told ENTTech's counsel that Okularity's systems are partially

9    automated. Except as expressly admitted, Answering Defendants deny the allegations

10   in paragraph 15, and specifically deny that Nicolini's September 25, 2020 declaration

11   is untruthful, or that Okularity submits DMCA takedown notices automatically,

12   without review or analysis.

13        16.    Answering Defendants deny the allegations in paragraph 16.

14        17.    Answering Defendants deny the allegations in paragraph 17.

15        18.    Answering Defendants deny the allegations in paragraph 18.

16                  **As to Plaintiff Paper Magazine**

17        19.    Answering Defendants lack sufficient knowledge and information to

18   form a belief as to the truth of the allegations in Paragraph 19.

19        20.    Answering Defendants lack sufficient knowledge and information to

20   form a belief as to the truth of the allegations in Paragraph 20.

21        21.    Answering Defendants lack sufficient knowledge and information to

22   form a belief as to the truth of the allegations in Paragraph 21.

23        22.    Answering Defendants lack sufficient knowledge and information to

24   form a belief as to the truth of the allegations in Paragraph 22.

25        23.    Answering Defendants admit that, on behalf of its customers Splash

26   News and Picture Agency, LLC, BackGrid USA, Inc., and Xposure Photo Agency,

27   Inc. (together, "the Photo Agencies"), Nicolini conveyed a demand of $1.01 million

28   to settle disputes concerning the unauthorized use of dozens of copyrighted images,

1   and further that Nicolini noted in that communication that the maximum statutory

2   damages that could be awarded for the unauthorized uses was $4.65 million. Except

3   as expressly admitted, Answering Defendants deny the allegations of paragraph 23.

4                              **As to Defendants**

5        24.     Answering Defendants admit that Okularity is not a law firm; that

6   Okularity is the authorized copyright agent of the Photo Agencies; that Nicolini is

7   Okularity's Chief Executive Officer; that Nicolini is not an attorney; that Nicolini

8   developed Okularity's proprietary software systems; and that Nicolini communicates

9   and receives settlement demands and offers on behalf of the Photo Agencies. Except

10   as expressly admitted, Answering Defendants deny the allegations in paragraph 24.

11       25.     Paragraph 25 does not contain any factual allegations against Answering

12   Defendants and therefore requires no response.

13       26.     Paragraph 26 does not contain any factual allegations against Answering

14   Defendants and therefore requires no response.

15       27.     Answering Defendants deny the allegations in paragraph 27.

16       28.     Answering Defendants deny the allegations in paragraph 28.

17               **As to Okularity's Conduct Against Paper**

18       29.     Answering Defendants lack sufficient knowledge and information to

19   form a belief as to the truth of the allegations in Paragraph 29, which pertain to the

20   conduct of Instagram and "Paper."

21       30.     Answering Defendants admit that Nicolini sent an email to ENTTech's

22   CEO on July 8, 2020, and that the screenshot included in the Third Amended

23   Complaint is an accurate depiction of a portion of that email. Answering Defendants

24   further admit that Nicolini previously held the position of Chief Technology Officer

25   at a different company and developed a software product while in that position with

26   that company. Except as expressly admitted, Answering Defendants deny the

27   allegations of paragraph 30.

28

ANSWER OF DEFENDANTS JON NICOLINI AND OKULARITY INC. TO THIRD AMENDED COMPLAINT

31.     Answering Defendants admit that Nicolini sent another email to ENTTech's CEO on July 8, 2020, and that the screenshot included in the Third Amended Complaint is an accurate depiction of a portion of that email. Except as expressly admitted, Answering Defendants deny the allegations of paragraph 31.

32.     Answering Defendants admit that Nicolini is not an attorney. Except as expressly admitted, Answering Defendants deny the allegations in paragraph 32.

33.     Answering Defendants admit that Nicolini requested the routine use of a non-disclosure agreement before providing copies of DMCA take down notices to ENTTech. Except as expressly admitted, Answering Defendants deny the allegations in paragraph 33.

34.     Paragraph 34 does not contain any factual allegations against Answering Defendants and therefore requires no response.

### As to Count One – Violation of DMCA § 512(f)

35.     Answering Defendants repeat and incorporate their responses to the previous paragraphs in response to the allegations of paragraph 35.

36.     Paragraph 36 does not contain any factual allegations against Answering Defendants and therefore requires no response.

37.     Answering Defendants deny the allegations in paragraph 37.

38.     Paragraph 38 does not contain any factual allegations against Answering Defendants and therefore requires no response. To the extent paragraph 38 is construed to contain such factual allegations, Answering Defendants deny the allegations in paragraph 38.

39.     Answering Defendants admit that Instagram has posted a Repeat Infringer Policy at https://www.facebook.com/help/instagram/1586774981367195. Except as expressly admitted, Answering Defendants deny the allegations in paragraph 39, and specifically deny the alleged details of Instagram policies, which are not within Answering Defendants' knowledge.

40.     Answering Defendants deny the allegations in paragraph 40.

1   41.   Answering Defendants admit that Nicolini communicated a demand to

2   ENTtech, and further admit that in sending DMCA takedown notices and

3   communicating and receiving settlement demands and offers Nicolini was acting on

4   behalf of the Photo Agencies. Except as expressly admitted, Answering Defendants

5   deny the allegations in paragraph 41.

6   42.   Answering Defendants deny the allegations in paragraph 42.

7   43.   Answering Defendants deny the allegations in paragraph 43, and

8   specifically deny that plaintiff is entitled to damages and attorney fees, or any relief at

9   all.

10   **As to Count Two – Violation Of RICO**

11   44.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

12   the allegations of Paragraph 44 require no response.

13   45.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

14   the allegations of Paragraph 45 require no response.

15   46.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

16   the allegations of Paragraph 46 require no response.

17   47.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

18   the allegations of Paragraph 47 require no response.

19   48.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

20   the allegations of Paragraph 48 require no response.

21   49.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

22   the allegations of Paragraph 49 require no response.

23   50.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

24   the allegations of Paragraph 50 require no response.

25   51.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

26   the allegations of Paragraph 51 require no response.

27   52.   The Court's March 10, 2021 Order dismissed the RICO claim; therefore,

28   the allegations of Paragraph 52 require no response.

53.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 53 require no response.

54.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 54 require no response.

55.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 55 require no response.

56.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 56 require no response.

57.     The Court's March 10, 2021 Order dismissed the RICO claim; therefore, the allegations of Paragraph 57 require no response.

**As to the Prayer for Relief**

Answering Defendants deny that plaintiff is entitled to the relief requested, or any relief at all, and requests that the Court dismiss all claims against Answering Defendants with prejudice, grant Answering Defendants costs and attorney fees, and order such further relief as the Court deems just and proper.

Furthermore, the Court's March 10, 2021 Order dismissed the RICO claim, so any damages, including treble damages, related to Count 2 are unavailable and should be denied.

**AFFIRMATIVE DEFENSES**

Further answering the Third Amended Complaint, Answering Defendants assert the following defenses, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Answering Defendants reserve the right to amend this answer with additional defenses as further information is obtained.

**First Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

///

///

ANSWER OF DEFENDANTS JON NICOLINI AND OKULARITY INC. TO THIRD AMENDED COMPLAINT

**Second Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Third Defense**

Plaintiff's claims are barred, in whole or in part, because its damages, if any, were caused by independent, intervening and/or superseding events beyond the control of Answering Defendants and unrelated to Answering Defendants' conduct. Any loss, injury, or damage claimed by plaintiff was proximately caused by plaintiff's own acts or omissions, forces and events unrelated to Answering Defendants' alleged conduct, and/or the acts or omissions of persons or entities other than Answering Defendants, over which Answering Defendants have no control.

**Fourth Defense**

Plaintiff's claim for attorneys' fees is barred because it lacks any basis in law or contract.

**Fifth Defense**

Answering Defendants are absolved from any and all liability for the wrongs alleged in the Third Amended Complaint by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Third Amended Complaint.

**Sixth Defense**

Plaintiff's claims are barred, in whole or in part, because the damages sought are too speculative and remote.

**Seventh Defense**

The action is barred, in whole or in part, because Answering Defendants adhered to and followed the relevant standards and processes governed by the Digital Millennium Copyright Act.

1

**Eighth Defense**

2          Answering Defendants adopt and incorporate by reference any and all other

3   affirmative defenses asserted or to be asserted by any other defendant in this action

4   to the extent that Answering Defendants share such affirmative defenses.

5

6    Dated: March 24, 2021          Respectfully submitted,

7                                                **PERKOWSKI LEGAL, PC**

8                                                By:    /s/ Peter Perkowski

9                                                       Peter E. Perkowski

10                                               Attorneys for Defendants
                                                 Okularity, Inc. and Jon Nicolini

11

12                               **DEMAND FOR JURY TRIAL**

13          Answering Defendants demand a trial by jury on all claims, defenses, or

14   issues permitted.

15

16    Dated: March 24, 2021          Respectfully submitted,

17                                               **PERKOWSKI LEGAL, PC**

18                                               By:    /s/ Peter Perkowski

19                                                      Peter E. Perkowski

20                                               Attorneys for Defendants
                                                 Okularity, Inc. and Jon Nicolini

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS JON NICOLINI AND OKULARITY INC. TO THIRD AMENDED COMPLAINT