# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OKULARITY, INC.;<br>JON NICOLINI;<br>BACKGRID USA, INC.;<br>SPLASH NEWS AND PICTURE<br>　　AGENCY, LLC; and<br>XPOSURE PHOTO AGENCY, INC.,<br><br>　　　　Defendants.<br><br>BACKGRID USA, INC.; and<br>XPOSURE PHOTO AGENCY, INC.,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>ENTTECH MEDIA GROUP LLC,<br><br>　　　　Counterdefendant. | Case No. 2:20-cv-06298-JWH-Ex<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS [ECF Nos. 88 & 89]** |

Before the Court are two motions by Plaintiff and Counterdefendant ENTTech Media Group LLC for judgment on the pleadings with respect to the Counterclaim of Defendants and Counterclaimants Xposure Photo Agency and Backgrid USA, Inc. (jointly, the "Photo Agencies").[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **DENIES** the Motions, without prejudice, **as moot**.

## I. BACKGROUND

This case has an extensive procedural history, which the Court has summarized in prior orders.[3] However, the following events are relevant to the Motions presently before the Court:

ENTTech filed its Second Amended Complaint on October 16, 2020.[4] Shortly thereafter, the Photo Agencies filed a Counterclaim against ENTTech with respect to the alleged infringing material that was the target of the DMCA takedown notices.[5] On November 13, 2020, in response to the Court's Order to

---

[1] *See* Pl.'s Mot. for J. on the Pleadings Against Def. Xposure Photo Agency, Inc. (the "Xposure Motion") [ECF No. 88]; and Pl.'s Mot. for J. on the Pleadings Against Def. Backgrid USA, Inc. (the "Backgrid Motion") [ECF No. 89] (jointly, the "Motions"). ENTTech's motion for judgment on the pleadings with respect to the (earlier) Counterclaim of Defendant and Counterclaimant Splash News and Picture Agency, LLC [ECF No. 90], is currently stayed in view of Splash's Chapter 11 bankruptcy. *See* Splash's Notice of Bankruptcy ("Splash's Bankruptcy Notice") [ECF No. 95].

[2] The Court considered the following papers in connection with the Motions: (1) the Motions; (2) Def. Backgrid's Opp'n to the Backgrid Motion [ECF No. 92]; (3) Def. Xposure's Opp'n to the Xposure Motion [ECF No. 93]; (5) Pl.'s Reply in Supp. of the Xposure Motion [ECF No. 101]; and (6) Pl.'s Reply in Supp. of the Backgrid Motion [ECF No. 102].

[3] *See* Mem. Op. and Order Regarding: (1) Defs.' Mots. to Dismiss; (2) Defs.' Mot. for Sanctions; and (3) the Order to Show Cause Re Sanctions (the "Order") [ECF No. 91].

[4] Pl.'s Second Am. Compl. (the "SAC") [ECF No. 46].

[5] *See generally* Answer to Pl.'s SAC and Counterclaim to SAC by Defs. Backgrid, Splash, and Xposure [ECF No. 53].

Show Cause regarding Rule 11 sanctions,[6] ENTTech filed the operative Third Amended Complaint.[7] On November 30, 2020, the Photo Agencies moved to dismiss the TAC.[8] ENTTech filed the instant Motions on March 5, 2021,[9] while the Photo Agencies' Motion to Dismiss was still pending. On March 10, 2021, the Court entered an order granting the Motion to Dismiss in part, with respect to ENTTech's RICO claim, and denying the Motion to Dismiss in part, with respect to ENTTech's DMCA claim.[10] That Order further directed the Photo Agencies (in addition to the other defendants) to file their respective pleadings in response to ENTTech's Third Amended Complaint on or before March 24, 2021.[11] On March 23, 2021, Defendant Splash News and Picture Agency, LLC filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada.[12] On March 24, 2021, Backgrid and Xposure timely filed their Answer to ENTTech's Third Amended Complaint and a Counterclaim against ENTTech with respect to the alleged infringing material that was the target of the DMCA takedown notices.[13]

## II. DISCUSSION

It is well established that an amended pleading supersedes the original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In this regard, the Federal Rules of Civil Procedure provide that a counterclaim may

---

[6] Order to Show Cause Re Sanctions under Rule 11(c)(3) of the Federal Rules of Civil Procedure (the "OSC") [ECF No. 54].
[7] *See* Third Am. Compl. (the "TAC") [ECF No. 57].
[8] *See* Mot. of the Photo Agencies to Dismiss the TAC [ECF No. 65]; Joint Mem. of P. & A. in Supp. of Defs.' Mots. to Dismiss the TAC [ECF No. 67] (jointly, the "Motion to Dismiss").
[9] *See generally* Motions.
[10] *See* Order.
[11] *Id.* at 18:17–19.
[12] *See* Splash's Bankruptcy Notice.
[13] *See* Answer to ENTTech's TAC and Counterclaim to TAC by Defs. Backgrid and Xposure (the "Counterclaim") [ECF No. 96].

only be asserted in a "pleading." *See* Fed. R. Civ. P. 13(a) ("A *pleading* must state as a counterclaim . . . ." (emphasis added)); Fed. R. Civ. P. 13(b) ("A *pleading* may state as a counterclaim . . . ." (emphasis added)). The only pleadings permitted under the Federal Rules are the following:

> (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

Accordingly, here, the Third Amended Complaint supersedes the prior pleading—the Second Amended Complaint—and the pleadings filed in response to the superseded complaint. Per the Court's prior Order, the Photo Agencies were required to file pleadings responsive to the allegations in ENTTech's Third Amended Complaint, which they did. And, as they were permitted to do under the Federal Rules, the Photo Agencies included a Counterclaim in their pleading in response to the Third Amended Complaint. The Motions, which are directed toward the Photo Agencies' *superseded* Counterclaim—the Photo Agencies' response to ENTTech's superseded Second Amended Complaint—are therefore moot.

### III.  CONCLUSION

Based upon the foregoing, the Court hereby **ORDERS** as follows:

1. ENTTech's Motions are **DENIED**, without prejudice, **as moot**. The hearing on ENTTech's Motions is **VACATED**.

2. ENTTech is **DIRECTED** to file its response to the Photo Agencies' operative Counterclaim on or before April 21, 2021.

3. The video Status Conference currently set for Friday, April 9, 2021, at 9:00 a.m., remains on calendar.

**IT IS SO ORDERED.**

Dated: April 7, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE