1  Robert Tauler (SBN 241964)
   rtauler@taulersmith.com
2  Valerie Saryan (SBN 297115)
   vsaryan@taulersmith.com
3  Gil Peles (SBN 238889)
   gpeles@taulersmith.com
4  Tauler Smith LLP
   626 Wilshire Boulevard, Suite 510
5  Los Angeles, California 90017
   Tel: (310) 590-3927
6
7  Attorneys for Plaintiff
   ENTTech Media Group LLC

8

9
                **UNITED STATES DISTRICT COURT**
10
               **CENTRAL DISTRICT OF CALIFORNIA**
11

12 | ENTTECH MEDIA GROUP LLC | Case No. 2:20-cv-06298-JWH (Ex) |

13 |         Plaintiff,

14 |         v.                          | **PLAINTIFF ENTTECH MEDIA GROUP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT BACKGRID USA, INC. UNDER RULE 12(B)(6)** |

15 | OKULARITY, INC., *et al*.

16 |         Defendants.

17 |                                      | Hearing Date: May 28, 2021
                                          | Time: 9:00 a.m.
18 |                                      | Place: Courtroom 2

19 |                                      | Hon. John W. Holcomb

20

21

22

23

24

25

26

27

28

1    **PLEASE TAKE NOTICE** that on May 28, 2021 at 9:00 a.m., or as soon

2  thereafter as the matter may be heard before the Honorable John W. Holcomb, at a place

3  to be determined by the Court, Plaintiff ENTTech Media Group LLC ("ENTTech" or

4  "Paper Magazine") will, and hereby does, move the Court for an order for dismissing the

5  Counterclaims (Dkt. 96) of Backgrid USA, Inc. ("Backgrid") under Rule 12(b)(6).

6    This Motion is based upon this Notice of Motion and Motion, the accompanying

7  Memorandum of Points and Authorities, the files, records, and pleadings in this action,

8  and any other additional argument or evidence that may be presented at or before the

9  hearing of this Motion.

10    Pursuant to Local Rule 7-3, this Motion is made following the conferences of

11  counsel which took place on April 14, 2021.

12

13  DATED: April 21, 2021                    TAULER SMITH LLP

14

15                                           By:    /s/ *Robert Tauler*
                                                    Robert Tauler
16
                                             Attorneys for Plaintiff
17                                           ENTTech Media Group LLC

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

I. INTRODUCTORY STATEMENT ................................................................. 1

II. ARGUMENT ............................................................................................... 2

    A. Backgrid's Pleadings Do Not Allege How Paper Magazine Infringed .................... 2

    B. Backgrid Fails to Allege Ownership or Attach Registration Certificates ................ 4

    C. Backgrid's Deficient Claims for Certain Images ..................................................... 6

        1. Backgrid Fails to Allege Ownership of the Rihanna in Red Walking Image ....... 6

        2. Backgrid Fails to Allege Ownership of the Rihanna and Queen Elizabeth Meme Image and its Claim is Time Barred .............................................................. 7

        3. Backgrid Fails to Allege Ownership or Infringement of the Rihanna in Red Image ............................................................................................................................ 7

        4. Backgrid Fails to Allege Ownership or Infringement of the Elsa Hosk and Martha Hunt Image .................................................................................................... 8

        5. Backgrid Fails to Allege Infringement of the Pete Davidson and Kate Beckinsale Image ...................................................................................................... 9

        6. Backgrid is Time Barred from Statutory Damages and Attorney Fees Related to the Image of Leonardo DiCaprio Catching a Ball ............................................... 10

        7. Backgrid is Time Barred from Statutory Damages and Attorney Fees Related to the Image of Leonardo DiCaprio Kicking a Ball ............................................... 11

    D. Backgrid's Fourth Claim for Declaratory Relief Should Be Dismissed ............... 11

    E. Backgrid's Fifth Claim for Misrepresentation Should Be Dismissed .................... 12

III. CONCLUSION .......................................................................................... 12

CERTIFICATE OF SERVICE ........................................................................ 13

1

# **TABLE OF AUTHORITIES**

2

Cases

3

*Aqua Creations USA Inc. v. Hilton Hotels Corp.*, 2011 WL 1239793 (S.D.N.Y. Mar.
28, 2011)......................................................................................................................4

4

5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................3

6

*BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015
U.S. Dist. LEXIS 8034 (W.D. Wash. Jan. 23, 2015)....................................................4

7

8

*Cf. Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x
509 (6th Cir. 2008)........................................................................................................3

9

10

*Cutler v. Enzymes, Inc.*, 2009 WL 482291 (N.D. Cal. 2009) ............................................3

11

*Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV-15-01791-
JVS-(DFMx), 2016 WL 9045621 (C.D. Cal. Jan. 28, 2016) ......................................11

12

13

*In re Napster, Inc. Copyright Litigation*, 191 F. Supp. 2d 1087 (N.D. Cal. 2002).........5, 6

14

*Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048
(N.D. Cal., June 28, 2013, No. C-11-06702 DMR) ....................................................6

15

16

*Ledesma v. Corral*, 2016 WL 827743 (C.D. Cal. 2016) ..................................................3

17

*Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.*, 315 F. Supp. 2d 1053 (C.D. Cal.
2004) ...........................................................................................................................5

18

19

*Miller v. Facebook, Inc.*, 2010 WL 1292708 (N.D. Cal. 2010)......................................2, 3

20

21

*MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548 (11th Cir. 1996) .........................4

22

*Motta v. Samuel Weiser, Inc.*, 768 F.2d 481 (1st Cir. 1985) ............................................6

23

24

*Reid v. Am. Soc'y of Composers, Authors & Publishers*, 1994 WL 3409 (S.D.N.Y.
1994) ...........................................................................................................................3

25

26

*Silvers v. Sony Pictures Entm't*, 402 F.3d 881 (9th Cir. 2005)........................................4

27

28

PTF'S MOTION TO DISMISS BACKGRID

*Stavrinides v. Vin Di Bona*, No. 2-18-CV-00314-CAS-(JPRx), 2018 WL 1311440
  (C.D. Cal. Mar. 12, 2018) .................................................................................11

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) ..........................4

*Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, 2011 WL 281020 (C.D.
  Cal. 2011) .........................................................................................................2

PTF'S MOTION TO DISMISS BACKGRID

# I.   INTRODUCTORY STATEMENT

The Counterclaims should be dismissed because it alleges only conclusory allegations that Paper Magazine infringed Backgrid's copyrights. Backgrid provides no substance to support its claims for infringement. The Counterclaims fail to allege even in basic terms (1) how their rights were acquired, (2) when and where any specific copyright was allegedly infringed on any particular platform operated by Paper Magazine or (3) what manner each specific copyright was infringed.

These deficiencies are best illustrated by the following screenshot, attached to the Counterclaims, depicting Queen Elizabeth adorned with a superimposed heart dress popularized by the singer Rihanna. The screenshot is the only reference to Backgrid's claim of infringement, however Backgrid does not allege ownership of this image anywhere in its Counterclaims.



(Dkt. 96-5 Ex. B-1 at 20.)

PTF'S MOTION TO DISMISS BACKGRID

1   Despite this being the fifth iteration of their claims, Backgrid repeats these
2   shortcomings throughout its Counterclaims, making them practically undecipherable.
3   The Counterclaims amount to a hodgepodge of compilation copyright registrations
4   combined with a splattering of images that don't bear any clear connection.  Nine months
5   after first asserting their claims, Backgrid should have the ability to allege what
6   copyrights they owned and how these copyrights were infringed. Backgrid's failure to do
7   so after five attempts is fatal to its claims.

8   In this regard, a close examination of Backgrid's claims reveals that no effort was
9   undertaken to state a viable claim for copyright infringement.  Backgrid instead bases its
10  claims on conclusory statements unconnected to the material attached to their pleading,
11  as detailed herein.  For these reasons, Backgrid's claims should be dismissed.

12                              **II.      ARGUMENT**

13  **A.      Backgrid's Pleadings Do Not Allege How Paper Magazine Infringed.**

14  Backgrid's claim that ENTTech should be held liable for directly infringing
15  Backgrid's copyrights fails because Backgrid has not alleged *what infringing acts*
16  ENTTech allegedly committed.

17  To state a claim for copyright infringement, a plaintiff must allege how the
18  defendant infringed the copyright, i.e., must identify the defendant's acts that are alleged
19  to be infringing, rather than merely reciting the elements of an infringement claim. *See*
20  *Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, 2011 WL 281020, at *6 (C.D.
21  Cal. 2011) ("plaintiff's complaint does not state a claim for relief" because it "alleges no
22  facts indicating what acts constitute the alleged infringement" and contains merely
23  "labels and conclusions, and a formulaic recitation of the elements of a cause of action")
24  (internal quotation marks omitted). Simply saying that a copyright was infringed is
25  insufficient to state a valid claim for relief.

26  For example, in *Miller v. Facebook, Inc.*, 2010 WL 1292708, at *3 (N.D. Cal.
27  2010), the court dismissed a direct infringement claim where the complaint merely
28  alleged that Facebook had "reproduced and distributed" an infringing work by, among

1    other things, publishing the work in Facebook's application directory and allowing

2    Facebook users to "search and view" the application. *Id.* at \*2−3. Absent, in the court's

3    view, were "sufficient factual allegations to suggest how defendant Facebook copied,

4    displayed or distributed infringing copies." *Id.* at \*3 (emphasis added); *see also Id.* ("If

5    plaintiff wishes to proceed with his direct copyright infringement claim, he must include

6    sufficient factual allegations that explain how defendant Facebook copied, displayed or

7    distributed infringing copies of [a copyrighted work]. Mere legal conclusions disguised as

8    factual allegations will not suffice.") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at

9    555).

10         Similarly, in *Cutler v. Enzymes, Inc.*, 2009 WL 482291, at \*3 (N.D. Cal. 2009), the

11    court dismissed a complaint for copyright infringement where it was devoid of "specific

12    facts" relating to "what acts during what period of time" amounted to copyright

13    infringement. *Cf. Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299

14    F. App'x 509, 511−12 (6th Cir. 2008) (unpublished) (affirming dismissal of copyright

15    infringement allegations where plaintiffs failed to allege "a description of the manner in

16    which Defendants' works infringe upon Plaintiff's work") (internal quotation marks

17    omitted); *Ledesma v. Corral*, 2016 WL 827743, at \*3 (C.D. Cal. 2016) ("Plaintiffs'

18    factual allegations are not specific enough to raise a right to relief above more than just a

19    speculative level" because "[n]o facts to support the unauthorized use of these

20    copyrighted materials are presented to the Court"); *Reid v. Am. Soc'y of Composers,

21    Authors & Publishers*, 1994 WL 3409, at \*1−2 (S.D.N.Y. 1994) (granting motion to

22    dismiss where plaintiff failed to allege the acts by which the defendant infringed the

23    copyright).

24         Here, Backgrid's allegations are similarly deficient, as they fail to provide any

25    supporting facts as to how ENTTech purportedly infringed its copyrights or the dates of

26    the purported infringements. Backgrid merely attaches unverified website printouts that

27    often include multiple photographs. Backgrid does not provide further information, such

28    as connecting the printouts to any of the copyright registrations or to ENTTech, so it is

impossible for ENTTech to know how any alleged copyright was purportedly infringed. ENTTech cannot be forced to guess as to how copyright registration might be connected to an alleged infringement. *See BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No. C13-1975-MAT, 2015 U.S. Dist. LEXIS 8034 (W.D. Wash. Jan. 23, 2015)(webpage capture reveals no discernible images and does not therefore allow defendant to make any meaningful evaluation of plaintiff's copyright infringement claim.)

In sum, because Backgrid failed to allege both specific infringed works and specific infringing acts, its infringement claim should be dismissed.

**B.      Backgrid Fails to Allege Ownership or Attach Registration Certificates.**

Backgrid's claim that ENTTech should be held liable for directly infringing Backgrid's copyrights fails because Backgrid has not alleged exactly *what copyrighted works* were infringed.

To state a claim for copyright infringement, allegations of copyright ownership must be sufficiently pled. *See MiTek Holdings, Inc. v. Arce Eng'g Co.*, 89 F.3d 1548, 1555 (11th Cir. 1996) ("Perhaps the best approach for a district court in any computer program infringement case, whether involving literal or nonliteral elements, is for it to require the copyright owner to inform the court as to what aspects or elements of its computer program it considers to be protectable"); *Aqua Creations USA Inc. v. Hilton Hotels Corp.*, 2011 WL 1239793, at *7 (S.D.N.Y. Mar. 28, 2011) (dismissal is appropriate where the plaintiff "has failed to plead facts demonstrating that [the allegedly copied elements] are entitled to copyright protection"); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) ("Under copyright law, only copyright owners and exclusive licensees of copyright may enforce a copyright or a license."); *Silvers v. Sony Pictures Entm't*, 402 F.3d 881, 885 (9th Cir. 2005) ("in order for a plaintiff to be entitled . . . to institute an action for infringement, the infringement must be committed while he or she is the owner of the particular exclusive right allegedly infringed.") (citation and quotation marks omitted).

1    Backgrid does not attach the U.S. Copyright Office certificates of registration to

2 the Amended Counterclaims for any of the images of which it alleges copyright

3 infringement claims. Nor does Backgrid allege that certificates for each specific image

4 have been issued. Instead, Backgrid makes a conclusory statement that all images were

5 registered, and attaches as exhibits "screen shots" or "screen -grabs" of the U.S.

6 Copyright Office's website's online database as the only proof that the images were each

7 allegedly properly and timely registered copyrights. Backgrid lacks standing if the

8 certificates have not yet been issued. *Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.*,

9 315 F. Supp. 2d 1053, 1054 (C.D. Cal. 2004) ("Because the Court agrees with the second

10 set of cases that the plain language of the Copyright Act unambiguously mandates the

11 actual issuance of a registration certificate before a copyright action is brought, the Court

12 grants Defendant's motion to dismiss, without prejudice.")

13    Due to the vague and oftentimes contradictory allegations in the operative

14 complaint, Backgrid fails to allege in any clear way what images (if any) it owns.

15 Backgrid alleges that it owns "at least 19 timely registered photographs" cited in its

16 Counterclaim.  (Dkt. 96 at ¶ 9.)  In fact, there are only eleven (11) copyright registrations

17 attached as exhibits to Backgrid's Counterclaim, most of which are for compilations of

18 photographs. (Dkt. 96-1 (Exhibit A-1).

19    The Counterclaims further allege that "Backgrid, *or the previous owner of the*

20 *works that later assigned all rights, title and interest to those works to Backgrid* filed for

21 copyright registrations." (Dkt. 96 at ¶ 23)(emphasis added.)  This vague allegation does

22 not explain which images were registered by Backgrid, and which images were registered

23 by a "previous owner." However, Backgrid is required to provide this information. *In re*

24 *Napster, Inc. Copyright Litigation*, 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002) ("A

25 party that obtains ownership through assignment of a previously-registered copyright

26 bears the burden of proving his or her chain of title.")

27

28

1    **C.      Backgrid's Deficient Claims for Certain Images.**

2        While Backgrid's Counterclaims are defective as a whole, as described above, the

3    deficiencies are particularly evident with regard to the Images of Queen Elizabeth and

4    Rihanna, Rihanna in red, Elsa Hosk and Martha Hunt, Pete Davidson and Kate

5    Beckinsale, Leonardo DiCaprio catching a ball, and Leonardo DiCaprio kicking a ball.

6    Described below, each of these images suffers from defective allegations of ownership

7    and/or infringement. Accordingly, the claims related to these images must be dismissed.

8        **1.  Backgrid Fails to Allege Ownership of the Rihanna in Red Walking Image.**

9        Backgrid alleges copyright infringement of an image of Rihanna in red walking.

10   (Dkt. 96-5, Ex. B-1 at 21.) Backgrid alleges that it is the owner of all rights, title and

11   interest in the image. (Dkt. 96 ¶ 22.) However, the copyright registration screenshot

12   attached to Exhibit A-1 of Backgrid's Counterclaim states that this image  is owned by

13   AKM-GSI Media, Inc., not Backgrid. (Dkt. 96-1, Ex. A-1 at 6.)  This image also shows a

14   copyright credit to AKM-GSI on the bottom of the image itself. (Dkt. 96-5, Ex. B-1 at

15   21.) This image has a registration number of VA0002050264 (titled Rihanna has her

16   heart on her sleeve) using the internal control of AG_129017, which stands for "AKM-

17   GSI," a different company entirely than Counterclaimant.

18       Backgrid does not explain how it came to own this image. However, Backgrid is

19   required to provide this information. *In re Napster, Inc. Copyright Litigation*, 191 F.

20   Supp. 2d 1087, 1101 (N.D. Cal. 2002)("A party that obtains ownership through

21   assignment of a previously-registered copyright bears the burden of proving his or her

22   chain of title.") Copyright interests cannot "be assumed based on the existence of

23   copyright registrations in the names of third parties."  *Jim Marshall Photography, LLC v.*

24   *John Varvatos of California*, 2013 WL 3339048, at *8 (N.D. Cal., June 28, 2013, No. C-

25   11-06702 DMR) (plaintiff "must establish a proprietary right through the chain of title in

26   order to support a valid claim to the copyright.") (citing *Motta v. Samuel Weiser, Inc.*,

27   768 F.2d 481, 483 (1st Cir. 1985).

28

**2. Backgrid Fails to Allege Ownership of the Rihanna and Queen Elizabeth Meme Image and its Claim is Time Barred.**

Backgrid alleges copyright infringement of an image featuring Queen Elizabeth's head on Rihanna body's in a side-by-side image of two photos, as seen below:



(Dkt. 96-5 Ex. B-1 at 20.)  Backgrid fails to identify which photo is owned by Backgrid. Backgrid also does not provide evidence of its ownership of either photograph.

Backgrid also fails to identify when it discovered any purported infringement. The screen shot is dated April 24, 2017, which is more than three years before the claim was filed in July 2020. As such, the claim appears to be time barred. *See* 17 U.S.C. § 507(b) (Copyright claims must be brought within three years after the claim accrues).

**3. Backgrid Fails to Allege Ownership or Infringement of the Rihanna in Red Image.**

Backgrid alleges copyright infringement of an image of Rihanna in red. (Dkt. 96-5, Ex. B-1 at 22.) The copyright registration screenshot of the Rihanna photograph is

7

attached to Exhibit A-1 of Backgrid's Counterclaim. The screenshot of the copyright registration for this image states that this image is owned by AKM-GSI Media, Inc., not Backgrid. (Dkt. 96-1, Ex. A-1 at 6.) Backgrid does not reveal how it acquired this image.

Backgrid's amended counterclaims also do not identify the location of ENTTech's alleged infringement of the Rihanna in red image (e.g., social media or website). The exhibit related to this image is merely a copy of a photograph of Rihanna, with no other identifying evidence that links the photo to ENTTech. (Dkt. 96-5, Ex. B-1 at 22.) Backgrid also fails to identify the dates ENTTech's alleged publication of the image or Backgrid's discovery of any alleged infringement. As such, Backgrid cannot establish that the counterclaim was timely filed or that the copyright registration was timely.

**4. Backgrid Fails to Allege Ownership or Infringement of the Elsa Hosk and Martha Hunt Image.**

Backgrid alleges copyright infringement of two side-by-side photos of Elsa Hosk and Martha Hunt in swimsuits, as shown below:



(Dkt. 96-5, Ex. B-1 at 4.)

1    Backgrid alleges that it is the owner of all rights, title and interest in the image,

2 however, the image is a combination of two photographs, each of which would hold a

3 separate copyright, however, Backgrid does not identify *which* photograph it owns, or if

4 it owns both. (Dkt. 96 ¶ 22.)

5    Backgrid's exhibit also does not establish that ENTTech published this image.

6 (See Dkt. 96.) Specifically, Backgrid does not identify the location of ENTTech's alleged

7 infringement of the image (e.g., social media or website), or any proof that ENTTech

8 actually published the image. (Dkt. 96-5, Ex. B-1 at 4.) Indeed, the exhibit to the

9 Counterclaim is merely a photograph, with no other identifying evidence. (Dkt. 96-5, Ex.

10 B-1 at 4.) Notably, the image shows an Instagram account handle of an unrelated third

11 party, @s0cialmediavsreality, printed on the image itself. Backgrid fails to identify the

12 date of ENTTech's alleged publication of the image, or the date of Backgrid's discovery

13 of the alleged infringement. (See Dkt. 96.) As such, Backgrid cannot establish that the

14 alleged infringement claim is timely filed or that the image was timely registered.

15    **5.  Backgrid Fails to Allege Infringement of the Pete Davidson and Kate**

16        **Beckinsale Image.**

17    Backgrid alleges copyright infringement of a photo of Pete Davidson and Kate

18 Beckinsale as shown below:

19

20

21

22

23

24

25

26

27

28

PTF'S MOTION TO DISMISS BACKGRID

1
2
3
4
5
6
7
8
9
10
11



12 (Dkt. 96-5, Ex. B-1, p. 5-6.)

13      Backgrid does not identify the location of ENTTech's alleged infringement of this

14 image. (Dkt. 96-5, Ex. B-1, p. 5-6.) Further, Backgrid does not provide any proof that

15 ENTTech actually published this image. *Id*. Indeed, Backgrid's Counterclaim only

16 provides a mere screenshot of the photograph itself, and not of the alleged publication,

17 with no other identifying evidence linking it to ENTTech. *Id*.

18      Backgrid also fails to identify the date of ENTTech's alleged publication of the

19 image. (Dkt. 96.)  Further, Backgrid fails to identify the date of its discovery of an

20 alleged infringement of this image. *Id*. Without the dates of this image's publication or of

21 Backgrid's discovery of the alleged infringement, there is no evidence that the

22 counterclaim is timely filed, or that the copyright registration was timely filed.

23     **6. Backgrid is Time Barred from Statutory Damages and Attorney Fees**

24        **Related to the Image of Leonardo DiCaprio Catching a Ball.**

25      Backgrid alleges copyright infringement of a photo of Leonardo DiCaprio catching

26 a ball (Dkt. 96-5, Ex. B-1 at 10).

27      Backgrid alleges in its Counterclaims that it filed for copyright registration of the

28 image within ninety (90) days of their first publication. (Dkt. 96 ¶¶ 10, 23.) This is

PTF'S MOTION TO DISMISS BACKGRID

contradicted by Backgrid's own exhibits. According to the image's copyright registration screenshot attached to Exhibit A-1 of Backgrid's Counterclaim, the first publication was on June 25, 2019, and the registration with the U.S. Copyright Office was on January 28, 2020, which is <u>217</u> days after its first publication. (Dkt 96-1, Ex. A-1 at 10.) As such, Backgrid cannot seek attorney fees and statutory damages for this image. *See* 17 U.S.C. §§ 410(c), 412, 504, and 505.

**7. Backgrid is Time Barred from Statutory Damages and Attorney Fees Related to the Image of Leonardo DiCaprio Kicking a Ball.**

Backgrid also alleges a copyright infringement claim for an image of Leonardo DiCaprio kicking a ball. (Dkt. 96-5, Ex. B-1 at 11.) Similar to the Leonardo DiCaprio catching a ball image, Backgrid alleges in its Counterclaims that it filed for copyright registration of the image of Leonardo DiCaprio kicking a ball within ninety (90) days of their first publication. (Dkt. 96 ¶¶ 10, 23.)  This is contradicted by Backgrid's own exhibits. According to this image's copyright registration screenshot attached to Exhibit A-1 of Backgrid's Counterclaim, the image's first publication was on June 25, 2019, and was registered with the U.S. Copyright Office on January 28, 2020, which is <u>217</u> days after its first publication. (Dkt 96-1, Ex. A-1 at 10.) As such, Backgrid cannot seek attorney fees and statutory damages for this image.

**D.      <u>Backgrid's Fourth Claim for Declaratory Relief Should be Dismissed.</u>**

Backgrid's claim for declaratory relief should be dismissed because it seeks the same relief as its claim for copyright infringement. *Stavrinides v. Vin Di Bona*, No. 2-18-CV-00314-CAS-(JPRx), 2018 WL 1311440, at *6 (C.D. Cal. Mar. 12, 2018) (dismissing a claim for declaratory relief "[b]ecause these rights [in the declaratory relief claim] would necessarily be determined through the adjudication of plaintiffs' copyright infringement claim, [so] declaratory relief is duplicative and unnecessary."); *Hosp. Mktg. Concepts, LLC v. Six Continents Hotels, Inc.*, No. SACV-15-01791-JVS-(DFMx), 2016 WL 9045621, at *8 (C.D. Cal. Jan. 28, 2016) ("When the issues invoked in a request for

1  declaratory relief already were fully engaged by other causes of action ... then declaratory

2  relief is unnecessary and superfluous and must be dismissed.") (citation and internal

3  quotation marks omitted).

4  **E.      Backgrid's Fifth Claim for Misrepresentation Should be Dismissed.**

5  Backgrid's fifth claim alleges "misrepresentation" regarding DMCA

6  counternotifications, however Backgrid does not explain the who, what, where, and when

7  of any misrepresentation, and otherwise fails to plead "particularized allegations of the

8  circumstances constituting fraud." *In re GlenFed, Inc. Sec. Litig.,,* 42 F.3d at 1548 42

9  F.3d 1541 (9th Cir. 1994); see also *Blake v. Dierdorff,* 856 F.2d 1365, 1369 (9th Cir.

10  1988) (plaintiffs must allege statements and "the reasons for their falsity").

11  Backgrid does not detail any specific misrepresentation in its operative Complaint

12  whatsoever, citing only to "Exhibit C" containing DMCA Notifications, and counter-

13  notifications.   Nowhere is it explained why any specific counter-notification is a

14  misrepresentation.  Backgrid has failed to state a claim under any standard and despite

15  numerous opportunities.  The Court should dismiss the misrepresentation claim with

16  prejudice.

17  **III.   CONCLUSION**

18  For the foregoing reasons, Backgrid's Counterclaims should be dismissed without

19  leave to amend.

20

21

22  DATED: April 21, 2021              TAULER SMITH LLP

23

24                                    By:   /s/ *Robert Tauler*
                                           Robert Tauler
25
                                      Attorneys for Plaintiff
26                                    ENTTech Media Group LLC

27

28

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on April 21, 2021, copies of the foregoing document were

3 served by the Court's CM/ECF system to all counsel of record in this action.

4

5 DATED: April 21, 2021                TAULER SMITH LLP

6

7                                      By:  /s/ *Robert Tauler*
                                           Robert Tauler
8
                                       Attorneys for Plaintiff
9                                      ENTTech Media Group LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PTF'S MOTION TO DISMISS BACKGRID