Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Gil Peles (SBN 238889)
gpeles@taulersmith.com
Tauler Smith LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff
ENTTech Media Group LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTTECH MEDIA GROUP LLC<br><br>Plaintiff,<br><br>v.<br><br>OKULARITY, INC., *et al*.<br><br>Defendants. | Case No. 2:20-cv-06298-JWH (Ex)<br><br>**PLAINTIFF'S PORTION OF JOINT STIPULATION RE ENTTECH MEDIA GROUP LLC'S MOTION FOR EVIDENTIARY SANCTIONS UNDER RULE 37(c) FOR NON-DISCLOSURE OF DAMAGES COMPUTATION AND EVIDENTIARY MATERIAL UNDER RULE 26(a)** |

Pursuant to Local Rule 37-2.1, Plaintiff/Counterclaim-Defendant ENTTech Media Group LLC ("Plaintiff") submits its portion of the Joint Stipulation containing all issues in dispute with respect to ENTTech's Motion to Compel concerning Counterclaimants' Amended Initial Disclosures and seeking the remedies set forth in FRCP 37 (a)(4)(A) and FRCP 37(c)(1).

The parties met and conferred pursuant to Central District Local Rule 37-1 on March 26, 2021. ENTTech sent Counterclaimants' counsel ENTTech's portion of the Joint Stipulation on April 14, 2021, and Counterclaimants sent a pdf of a joint statement on April 21, 2021.  On April 22, 2021, counsel for ENTTEch requested a word version to make revisions and finalize, however, none was provided, for reasons provided over email exchanges this day attached as Exhibit F to the Declaration of Robert Tauler.  Pursuant to this exchange, only ENTTech's portion of the dispute is attached hereto.

DATED: April 22, 2021                                   TAULER SMITH LLP

By: /s/ *Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff and
Counterclaim-Defendant
ENTTech Media Group LLC

## I. PLAINTIFF'S ARGUMENT.

Counterclaimants have failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requiring a party to make initial disclosures containing substance useful to the litigants, including identification of witnesses, categories of relevant documents in a party's possession, and a computation of damages.

Counterclaimants served their Initial Disclosures on February 18, 2021. On March 25, 2021, ENTTech sent Counterclaimants a meet and confer letter regarding deficiencies in Counterclaimants' Initial Disclosures, and the parties met and conferred on March 26, 2021. On April 5th, Plaintiff sought confirmation that no amended disclosures were forthcoming, and on April 7th, Counterclaimants confirmed. These communications are memorialized in Exhibits B-E to the concurrently filed declaration of Robert Tauler.

The purposes of the initial disclosure requirements are to put parties on notice of the factual and legal contentions of the opposing party, and to eliminate surprise and trial by ambush. *See, e.g., Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862–63 (9th Cir. 2014). Counterclaimants have failed to do so as detailed herein.

### A. Witnesses.

The Disclosures only list three witnesses, (1) "PMK of Backgrid," (2) "PMK of Splash,"[1] and (3) "PMK of XPosure." (Tauler Dec., Ex A). This does not provide any meaningful information for the recipient. Plaintiff is entitled to know Counterclaimant's witnesses. Moreover, there is no such thing as a "PMK" in the federal rules of civil procedure. Even if there were, the initial disclosures must contain names of witnesses, not simply the names of the parties with the letters "PMK" in front of them. This is not useful information in any way. Even if there were any legitimate excuse for not disclosing this information, it is Counterclaimants' burden to provide information required "to explain in its Rule 26 initial disclosures the extent of any disability" to comply with the disclosure obligations, and the explanation "must be specific."

---

[1] Splash is no longer in this case, and is not the subject of this motion.

*Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, 2012 WL5504036, at *3 (N.D. Cal. Nov. 13, 2012).

### B. Categories of Documents.

As to documents, Counterclaimants state that only the following documents are available to them:

- Copyright registrations and photographs at issue;
- All chain of title documents related to the photographs at issue, including assignments thereof;
- All screenshots of the infringements caused by ENTTech;
- All DMCA notices and counternotifications relating to ENTTech's infringements;
- All documents attached to the complaint.

Four out of the five categories are included as exhibits to the Counterclaims, and the "chain of title documents" have not been produced, despite being requested on March 25, 2021. Counterclaimants may not withhold categories of information available to them, and the Court should preclude Counterclaimants from using any categories of documents withheld. *Yeti by Molly v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed . . . .").

### C. Damages.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to disclose as part of its initial disclosures "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

Counterclaimants' Initial Disclosures provide only a vague, generic placeholder, but no computations for any category of damages claimed and no description of the documents on which the Counterclaimants rely to calculate its damages. (*Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, 2012 WL5504036, at *2 (N.D. Cal. Nov. 13,

2012) [Plaintiff's damages computation "must call out the particular materials relied on and identify them in some plausible way so as to clarify the basis for the disclosed computations."].)

A computation of damages for lost profits or earnings requires as part of the initial disclosures "some analysis" because "by its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents." *Frontline Med. Assocs., Inc., v. Coventry Health Care,* 263 F.R.D. 567, 569 (C.D. Cal. 2009).  Therefore, a plaintiff must disclose, for example, "the time period for which it is claiming damages," "computation of lost gross revenues," and "computation of expenses and lost profits." *Id.* "Simply producing financial statements without this type of explanation is not sufficient." *Id.* Initial disclosures regarding damages computations also "must call out the particular materials relied on and identify them in some plausible way so as to clarify the basis for the disclosed computations." *Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc*., 2012 WL 5504036, at *2 (N.D. Cal. Nov. 13, 2012).

Counterclaimants have no valid justification for failing to comply with its disclosure obligations regarding its damages theories because all of the evidence and documents potentially supporting such damages theories would be in Counterclaimants' possession.  For example, only Counterclaimants could know the market value of the images at issue, yet this information is not provided.

//
//
//
//
//
//
//

**D.   Conclusion**.

For the foregoing reasons, the motion should be granted, and the moving party should be awarded its fees and costs under FRCP 37 (a)(4)(A) and the remedies detailed in FRCP 37(c)(1).

DATED: April 22, 2021                            TAULER SMITH LLP

By:   /s/ *Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff and
Counterclaim-Defendant
ENTTech Media Group LLC

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2021, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: April 22, 2021                                  TAULER SMITH LLP

                                                       By: /s/ *Robert Tauler*
                                                       Robert Tauler, Esq.
                                                       Attorneys for Plaintiff and
                                                       Counterclaim-Defendant